John M. SCHUDY, Appellant,

v.

Beth Ann COOPER, Treasurer and Ex-Officio Collector of Texas County, et al., Respondents.

No. 74065.

Supreme Court of Missouri, En Banc.

Feb. 25, 1992.

Devon Sherwood, Stephen Dahlgren, Springfield, for appellant.

Steven H. Akre, Clayton, Wm. Clark Kelly, Asst. Atty. Gen., Jefferson City, for respondents.

ROBERTSON, Chief Justice.

In this case we are asked to determine whether the ad valorem tax exemption permitted revenue producing enterprises in designated enterprise zones, Section 135.215, RSMo 1986, applies to leased commercial real property. The trial court denied the exemption. Our jurisdiction is predicated on Article V, Section 3 of the Missouri Constitution, which places exclusive appellate jurisdiction over the construction of the revenue laws in this Court. The judgment of the trial court is affirmed.

I.

The facts are stipulated. The Missouri Department of Economic Development has designated several areas of the state as "enterprise zones," pursuant to procedures outlined in Section 135.210, RSMo 1986. In August, 1987, appellant John Schudy acquired a tract of land within the boundaries of the Cabool Enterprise Zone. Schudy constructed a commercial building on the site, which he currently leases to the Contel Telephone Company.

In 1988, Texas County officials assessed the value of Schudy's tract at $3,500 and valued the improvements at $48,510. Schudy appealed the assessment to the Texas County Board of Equalization, which denied the appeal.

Schudy paid his 1988 and 1989 real property taxes under protest, Section 139.031.2, RSMo 1986, and timely filed his petition challenging the tax in the circuit court. The circuit court denied relief. This appeal followed.

II.

The ad valorem tax exemption Schudy claims emanates from Section 135.215. That statute provides in pertinent part:

> [U]pon the designation of any enterprise zone pursuant to Section 135.210, all subsequent improvements to real property encompassed thereby which is owned by a revenue producing enterprise as defined in subdivision (5) of section 135.200 shall become and remain exempt from assessment and payment of ad valorem taxes of any political subdivision of this state.

Section 135.200(5) limits a "revenue producing enterprise" to:

> (a) the activities described in subdivision (11) of section 135.100; or
> (b) the selling of any product; or
> (c) the rendering of any service; or
> (d) the renting or leasing of residential property to low or moderate income persons as defined by the United States Department of Housing and Urban Development or the renting or leasing of tangible personal property to the general public; or
> (e) the administration management of any of the aforegoing activities; or
> (f) any combination of the foregoing activities.

Section 135.100(11) defines a "revenue producing enterprise" as:

> (a) The assembly, fabrication, manufacture, mining or processing of any ag-

ricultural, mineral, or manufactured product;

(b) The storage, warehousing or wholesale distribution of any product;

(c) The performance of clerical skills or general office activities or electronic data processing;

(d) The administrative management of any of the foregoing activities; or

(e) Any combination of any of the foregoing activities.

We have set out these statutory sections in their entirety to show what must now be obvious to the careful reader. Leasing improved real property to a commercial tenant is not among those activities deemed a "revenue producing enterprise" by the statute. It is of no moment that a commercial lease is generally intended to produce revenue for the lessor. The General Assembly has abandoned the common meaning of the phrase "revenue producing enterprise" for purposes of the ad valorem tax exemption within the enterprise zones. Instead, it has crafted a statutory definition that limits a "revenue producing enterprise" (and the ad valorem tax exemption available to such an enterprise) to those activities expressly set out in the statute. Indeed, the only leasing activity qualifying for the exemption is the leasing of residential property to low and moderate income persons. Section 135.-200(5)(d).

██ Additionally, any claim that Schudy's lease to Contel constitutes "the rendering of a service," Section 135.200(5)(d), cannot be sustained. "Service" is "the performance of work commanded or paid for by another ... useful labor that does not produce a tangible commodity." *Webster's Third New International Dictionary* 2075 (4th ed. 1976). Thus, service requires an act or deed; it does not include the passive activity of leasing improved real estate.

Even were we concerned that the inclusion of service in the list of qualifying activities created an ambiguity in the statute, the rules of statutory construction limit qualifying revenue producing enterprise leasing activities to those set out in Section 135.200(5)(c). The General Assembly necessarily excludes *commercial* leasing as a

"revenue producing enterprise" by expressly including certain *residential* leasing as such an enterprise. *See Kansas City v. J.I. Case Threshing Mach. Co.*, 337 Mo. 913, 87 S.W.2d 195, 205 (1935) (Expressio unius est exclusio alterius—the expression of one thing excludes another.)

Section 135.215 is not ambiguous. It requires no construction. Although Schudy argues that an interpretation of the statute favorable to his position is possible, that interpretation requires us first to create an ambiguity, then construe the statute against its clear language. We are not in the business of creating ambiguities to reach a result contrary to the clear statutory language.

### III.

The judgment of the trial court is affirmed.

All concur.