Our decision on this issue is dispositive of Plaintiff's other claims.[2] We reverse and remand for a new trial.

RHODES RUSSELL, P.J., and JAMES R. DOWD, concur.

Paul D. **STAHL**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. 22649.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 1, 1999.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Phillip J. Barkett, Jr., Sikeston, for respondent.

JOHN E. PARRISH, Judge.

The Director of Revenue (director) appeals a judgment ordering him to rescind a certain "administrative action of 7/7/98" and to expunge entries from the driving record of Paul D. Stahl (petitioner) relating to a 1993 conviction for involuntary manslaughter while operating a motor vehicle in an intoxicated condition. *See* § 565.024.1(2), RSMo 1986. The judgment is affirmed in part, reversed in part and remanded with directions.

On April 15, 1993, petitioner was convicted in the Circuit Court of Crawford County, Missouri, for involuntary manslaughter while operating a motor vehicle while in an intoxicated condition. Director was not notified of that conviction until July 2, 1998. On July 7, 1998, director issued a notice to petitioner stating that on August 8, 1998, his "privilege to drive a motor vehicle in Missouri" would be denied because of the April 15, 1993, conviction. The notice stated petitioner "may be eligible for relicensing after August 8, 1998." It advised petitioner that the notice was a final decision of the director; that pursuant to § 302.311, RSMo 1994, he had 30 days to appeal the decision to the circuit court of his county of residence.

By letter dated August 7, 1998, director notified petitioner:

> On August 8, 1998, your privilege to operate a motor vehicle in Missouri is reinstated. This notice is not a permit to operate a motor vehicle.
>
> Our records show your driver's license is in your possession. If your license has been lost, destroyed, stolen, or mutilated, you must apply for a duplicate license.
>
> If you have any questions concerning this reinstatement, please contact the Drivers License Bureau at the above address or telephone number.

Petitioner filed a petition for review in the Circuit Court of Stoddard County, Missouri, requesting that the director be ordered "to rescind and nullify her [sic] actions of 7/7/98" and that he be ordered "to expunge said entry from petitioner's driving record." Following trial the circuit court entered judgment ordering director:

> (a) To rescind and nullify his administrative action of 7/7/98 ...; and
>
> (b) To expunge from the Missouri dirivng [sic] record of Paul D. Stahl the following entries:
>
> *DEPARTMENT ACTIONS*
>
> 5 Year Denial (Veh Manslaughter Involved) effective 8–08–1998
>
> Eligible to reinstate on 8–08–1998, actin [sic] is Reinstated as of 8–08–1998
>
> Case PT 9803143
>
> *COURT CONVICTIONS*
>
> INVOLUNTARY MANSLAUGHTER–DWI assessed 12 points
>
> Violation on 5–09–1991 in Non–Commercial Vehicle, ticket no. 999999999
>
> Convicted on 4–15–1993 in CRAWFORD
>
> CRAWFORD CO CIR CRT–STEELVILL [sic]
>
> Microfilm number 98187CO2404

Director appeals contending "[t]he trial court erred in setting aside the Director's denial and immediate reinstatement of [petitioner's] driving privilege based on his conviction for involuntary manslaughter while operating a vehicle in an intoxicated condition" and "in ordering the Director to remove from [petitioner's] driving record information concerning that action and [petitioner's] conviction." Director argues "[petitioner's] license was subject to a five-year denial under § 302.060(10) because of his conviction" and that "the Director is

required to maintain information concerning driving-related convictions in a person's driving record." In support of his claim, director argues that the information of petitioner's record was accurate, that information in driving records is relied on by courts, law enforcement, the director, and the public. He contends the information could be relevant in future actions involving petitioner.

*Entry Showing "5 Year Denial" and Reinstatement*

Director's notice that petitioner's privilege to drive a motor vehicle would be denied for five years based on "being convicted of Vehicular Manslaughter on April 15, 1993," (but might be eligible for immediate relicensing) was dated July 7, 1998. The notice stated, "refer to 302.060, RSMo." The revision of § 302.060 in effect at the time of petitioner's conviction was RSMo Supp.1992. It provided, as applicable to petitioner:

> The director *shall not issue* any license hereunder:
>
> . . .
>
> (10) To any person ... who has been convicted of the crime of involuntary manslaughter while operating a motor vehicle in an intoxicated condition. The director shall not issue a license to such person for five years from the date such person was convicted for involuntary manslaughter while operating a motor vehicle in an intoxicated condition.... [Emphasis added.]

█ Under the language of the statute as it existed at the time of petitioner's conviction, director had no authority to take action until an application was made for a new license. *Pointer v. Director of Revenue,* 891 S.W.2d 876, 878–79 (Mo.App. 1995). Director was not given authority to "immediately deny any driving privilege" under those circumstances until 1996 when the language of the statute was changed to provide, "The director shall not issue any license *and shall immediately deny any driving privilege:*... " *See* § 302.060, RSMo Cum.Supp.1996 [emphasis added].

█ This court does not address whether director could have "immediately" denied petitioner's driving privilege between the time the current version of § 302.060 became effective, i.e., August 28, 1996, *see* C.C.S.H.S.H.C.S.S.S.S.C.S.S.B. 722 and C.C.S.S.C.S.H.S.H.C.S.H.B. 1169 and 1271, 1996 Mo. Laws, and expiration of five years next following petitioner's date of conviction. Those are not the facts of this case. This court holds that director's action on August 8, 1998, "denying" petitioner's driving privilege "for 5 years for being convicted of Vehicular Manslaughter on April 15, 1993," was not action "immediately deny[ing] any driving privilege" pursuant to § 302.060, RSMo Cum.Supp.1997, the version of the statute in effect on August 8. One cannot immediately act in the past tense. If director had authority under § 302.060, RSMo Cum.Supp.1997, to deny driving privileges for five years following petitioner's April 15, 1993, conviction, the period for which driving privileges could have been denied had expired. The part of director's point on appeal asserting error in the trial court setting aside the denial and immediate reinstatement of petitioner's driving privilege is denied.

*Entry Showing Court Conviction for Involuntary Manslaughter Conviction*

█ This court is not persuaded, however, that the trial court was correct in ordering removal of the record of petitioner's conviction from the driving records director maintains. The conviction occurred. It was a felony involving the use of a motor vehicle, one of the events tracked by director and recorded, as a matter of course, in the records of his office. *See* § 302.302.1(10), RSMo Cum.Supp.1998. As director points out in his brief, driving records are relied on for various purposes and are expected to be accurate. Di-

rector's brief correctly points out that information pertaining to petitioner's conviction could be relevant for future actions. As director's brief states:

> For instance, under § 302.060(9) [RSMo Cum.Supp.1998] [petitioner's] license may be denied for ten years, rather than just five, if he is convicted of another offense related to driving while intoxicated. Similarly, under § 302.525 [RSMo 1994] if a person is found to have driven with a blood alcohol content of at least .10% then his or her license is subject to a one-year revocation, not just a thirty-day suspension, if that person has had previous alcohol-related enforcement contacts, which includes any conviction involving driving a vehicle with an unlawful alcohol concentration.

The courts and administrative agencies likewise rely on the accuracy of Department of Revenue records. Section 302.312, RSMo Cum.Supp.1998, provides for properly certified copies of those records to be admissible as evidence in trials and administrative proceedings. It would be ludicrous to permit records to be admitted in evidence without permitting those persons charged with maintaining the records to do so accurately. The part of director's point asserting error in ordering expungement of petitioner's record of conviction is granted.

The judgment is reversed as to the order to expunge the record of petitioner's conviction in Crawford County Circuit Court on April 15, 1993, for involuntary manslaughter while operating a motor vehicle in an intoxicated condition. In all other respects the judgment is affirmed. The case is remanded with directions to enter judgment consistent with this opinion.

CROW, P.J., and SHRUM, J., concur