**Blake Edward FORD, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 22879.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen. Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Richard Whiffen, Sikeston, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

Blake Edward Ford ("Respondent") was arrested by a Sikeston, Missouri police officer for driving while intoxicated when he was found passed out behind the wheel of his car. A breath test demonstrated that he had a blood alcohol content of .15% and, although he was never convicted for driving while intoxicated, his driving privileges were suspended by the Director of Revenue ("Director") pursuant to Section 302.505, RSMo 1994.[1] Respondent filed a petition three years later against the Missouri State Highway Patrol, the Department, the City of Sikeston and the Scott County prosecuting attorney seeking to have all records relating to the arrest and the Department's administrative action expunged. His petition sought relief pursuant to Section 610.122, RSMo Cum.Supp. 1998,[2] "and in accord with the equitable authority granted to Courts of general jurisdiction within the State of Missouri." Director filed a motion to dismiss noting that there was no statutory authority for the expungement sought. That motion was overruled.

At the hearing on the petition, Director disputed the trial court's authority to order the expungement of the Department's administrative records of the suspension, noting that there is no statutory authority authorizing that action under these facts. The only witness was Respondent who testified that he had gone through alcohol rehabilitation, and he answered affirmatively to the following question:

> [a]s you and I were discussing ten years down the road this administrative mark on your record might not be a big concern, but right now it is there for everyone to see, potential employers and your insurance company to see, and you are asking that the incident that happened to you when you were seventeen be expunged from your records so you can have a clean start?

The trial court ordered all defendants to delete all records of the arrest, confinement and the administrative action. In doing so, it noted that Respondent was seventeen years old at the time of his arrest, and it found that it was "well satisfied that [Respondent] ha[d] rehabilitated himself and ha[d] been able to avoid consumption of alcohol for a period of time so as to convince the Court of [Respondent's] maturity." It also found that the records of Respondent's arrest and those relating

---

1. Section 302.505, RSMo 1994, provides that the Missouri Department of Revenue (the "Department") shall suspend or revoke the license of a person upon its determination that the person was arrested upon probable cause for driving while the alcohol concentration in his blood or breath was .10 or more by weight of alcohol in his blood. It also provides that the determination of those facts by the Department is independent of the determination of those facts in the adjudication of any criminal charge arising out of the same occurrence and that "[t]he disposition of those criminal charges shall not affect any suspension or revocation under this section."

2. Section 610.122, RSMo Cum.Supp.1998, provides:

   Notwithstanding other provisions of law to the contrary, any record of arrest recorded

pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on false information and the following conditions exist:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;

(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and

(5) No civil action is pending relating to the arrest or the records sought to be expunged.

to the administrative suspension indicating an "alcohol related enforcement contact [were] detrimental to the [Respondent], [were] detrimental to [Respondent's] employment and education prospects, that there [was] no adequate remedy at law, and that irreparable harm [would] continue to come to the [Respondent] by the presence of these records."

Noting that its jurisdiction to order the expungement had been questioned, the trial court referred to the fact that under Article 5, Section 14 of the Missouri Constitution, the Circuit Courts of this State have original jurisdiction over all cases and matters, civil and criminal, including equitable powers. It also noted Section 1.010, RSMo 1994, which declares that the Common Law of England, except where repugnant or inconsistent with the United States Constitution, the Missouri Constitution or the Missouri statutes, is the rule of action and decision. It held, *inter alia:*

> The Court notes that Missouri Statute 610.122 provides for the expungement of *any* record of arrest, if it is determined that the arrest was based on false information if other listed conditions exist. While this Statute is not applicable here, Subsection 5 states that the Court may act, provided no civil action is pending related to the arrest or the records sought to be expunged. This Statute, enacted by the Legislature, does not prohibit other methods of expungement.

The trial court concluded that it had jurisdiction and authority to issue an equitable decree ordering the expungement of Respondent's arrest records and the Department's records of the administrative suspension. In so finding, the trial court concluded that the information placed on Respondent's driving record by the Department in connection with the administrative suspension "is so similar to a record of arrest as to be legally indistinguishable." The trial court entered a judgment directing the Director and the other defendants to "delete from their records all records of arrest, confinement, Administrative Hearing and other matters relating to" the incident in question. Director appeals that judgment.

■ In his sole point on appeal, Director contends that the trial court erred in ordering the expungement of all records, including those of his administrative action under Section 302.505, RSMo 1994, because that action exceeded the court's jurisdiction and was a misapplication of law in that: (1) the trial court, in ordering the expungement of records, may grant only the relief provided by specific statutes relating to the expungement of such records, as opposed to exercising general equitable powers; (2) Respondent's petition sought relief under only Section 610.122, RSMo Cum.Supp.1998; (3) Section 610.122, RSMo Cum.Supp.1998, does not apply because it only allows expungement of arrest records, and not records of administrative actions taken by Director; (4) Respondent presented no evidence that his arrest was based on false information or that any other conditions provided in Section 610.122, RSMo Cum.Supp.1998, were met; and (5) Section 610.122, RSMo Cum. Supp.1998, does not apply to the expungement of arrest records relating to alcohol-related offenses because other specific statutes govern expungement of those records.

■ Section 610.122, RSMo Cum.Supp. 1998, by its terms, applies only to records of arrest, and then, only if the court finds that the arrest was based on false information and that all of the five conditions set forth in the statute are shown to exist. Respondent made no showing sufficient to satisfy any of these requirements. In fact, the trial court found that Section 610.122, RSMo Cum.Supp.1998, was inapplicable, but it proceeded to grant the relief sought by Respondent under general equitable principles, apparently with the belief that subsection 5 of that statute, by referring to the necessity of showing the lack of a pending civil action relating to the arrest or records sought to be expunged, indicat-

ed that other methods of expungement are not prohibited.

We are not directed to any statute that would authorize the action taken by the trial court here concerning records of the Department. For instance, Section 302.545, RSMo Cum.Supp.1998, authorizes the expungement of the Department records, but it applies only to persons under twenty-one years of age whose driving privilege has been suspended or revoked for a first determination that they were driving with a blood alcohol content of .02 to .10. Here, the evidence indicates that Respondent had a blood alcohol level of .15.

■ As pointed out by Director, he is responsible for maintaining driving records for Missouri drivers. He refers to *Stahl v. Director of Revenue*, 998 S.W.2d 601, 603–04 (Mo.App. S.D.1999), where this court said that driving records are relied on for various purposes, are expected to be accurate, and can be relevant to future actions. In *Stahl*, we pointed out that Section 302.312, RSMo Cum.Supp.1998, provides for properly certified copies of records of the Department to be admissible as evidence in trials and administrative proceedings, and that it would be ludicrous to permit such records to be admitted in evidence without permitting those persons charged with maintaining the records to do so accurately. *Id.* at 604. We also noted that under Section 302.525, RSMo 1994, a person's prior "alcohol related enforcement contacts" (which include any suspension under sections 302.500, RSMo 1994, to 302.540, RSMo 1994) have an effect on the length of revocation if he is found to have driven with a blood alcohol content of at least .10%. *Id.* In that regard, the trial court in the instant case found, as one of its justifications for ordering the expungement, that the evidence in question of an "alcohol related enforcement contact" was detrimental to Respondent. Obviously, the expungement here would have the effect of circumventing § 302.525, RSMo

1994, in the event of a future suspension or revocation.

Respondent argues that the trial court has general equitable jurisdiction to expunge the records, which is not restricted or abrogated by the aforementioned statutes. In support, he cites *Bormann v. City of Richmond Heights*, 213 S.W.2d 249, 252 (Mo.App.St.L.1948), for the proposition that circuit courts have general jurisdiction of suits in equity, "and in a proper case" are invested with all the powers inherent in an English court of chancery. In *Bormann*, however, the court went on to say that "'equity' is the correction of that wherein the law by reason of its universality is deficient. Equity follows the law, and court of equity have no more authority to disregard plain provisions of a statute than do courts of law." *Id.* at 252–53.

Respondent also relies on *State ex rel. Herzog v. Koelling*, 229 S.W.2d 252 (Mo.App.St.L.1950), in which the court held that the circuit court had equitable jurisdiction to expunge records of a marriage certificate and license recorded in the office of the Recorder of Deeds where the return of the solemnizing official was a forgery. The appellate court held that "[a] court of equity has inherent jurisdiction to relieve against fraud by ordering the cancellation of written instruments, even though they be public records where private rights are invaded." *Id.* at 253–54. Continuing, the court said that courts of equity have always had the power in certain classes of cases to inquire into and correct mistakes, injustice, and wrong. *Id.* at 254. *Koelling* is factually dissimilar from the instant case. *See also Chrun v. Chrun*, 751 S.W.2d 752, 755 (Mo.banc 1988), holding that a court of equity will provide relief from a judgment obtained by extrinsic fraud, accident or mistake, and that such allegations are necessary to invoke equitable jurisdiction, and *Sutton v. Schwartz*, 808 S.W.2d 15, 23 (Mo.App. E.D. 1991), where the court said that equitable doctrines are invoked to prevent injustices.

In the instant case, it does not appear that the records in issue are the result of a mistake, some inequitable or fraudulent conduct, or constitute an injustice or a wrong.[3]

 It is significant, in this regard, that the legislature has enacted statutes concerning expungement of records concerning arrests and alcohol related enforcement contacts, and none of those legislative enactments would entitle Respondent to the relief granted by the trial court. *See* Sections 610.122, RSMo Cum. Supp.1998; 302.545, RSMo Cum.Supp. 1998; and 577.054, RSMo 1994.[4] A court of equity may not act merely upon its own conceptions of what may be right or wrong in a particular case, and may not purport to establish a right that does not exist. *Seifert v. Seifert*, 708 S.W.2d 150, 156 (Mo.App. E.D.1985). The Missouri Supreme Court has said that "[u]nless a statutory scheme is plainly inadequate under circumstances where a court has a duty to act, there is no need for the court to exercise its equity powers to fashion a 'better' remedy than exists in the statutes." *Cotton v. Wise*, 977 S.W.2d 263, 264 (Mo.banc 1998).

 Even more importantly, to invoke equity jurisdiction, the party seeking that relief must plead and prove there is no adequate remedy at law. *Blue Cross Health Services v. Sauer*, 800 S.W.2d 72, 76 (Mo.App. E.D.1990). A circuit court lacks jurisdiction to grant equitable relief where there is an adequate remedy at law. *Schildknecht v. Director of Revenue*, 901 S.W.2d 348, 349 (Mo.App. E.D.1995). Pleading and proving the lack of an adequate remedy at law are jurisdictional, a defect which may be raised at any stage of the proceedings, or even by the court itself. *Kerber v. Alt*, 275 S.W.2d 604, 606

(Mo.App.St.L.1955). Here, Respondent neither pled nor presented any evidence concerning the lack of an adequate remedy at law. This, fortified by the existence of statutes providing for expungement of records under certain circumstances, leads us to the conclusion that the trial court lacked jurisdiction to enter the judgment in this case. Accordingly, the judgment is reversed.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

3. We do not perceive that a record relating to a statutorily authorized suspension is an injustice or a wrong which itself would authorize intervention by a court of equity.

4. Section 577.054, RSMo 1994, authorizes expungement from all official records of an individual's arrest, plea, trial or conviction relating to a first alcohol related driving offense if that individual has gone ten years after such plea or conviction without another conviction for an alcohol related driving offense.