**Mark A. McNALLY,
Petitioner/Respondent,**

v.

**ST. LOUIS COUNTY POLICE DE-PARTMENT, City of Maplewood, Maplewood Municipal Police Department, Missouri Highway Patrol Troop C, Criminal Records Repository, Regional Justice Information Service Commission, Defendants,**

and

**Director of Revenue,
Defendant/Appellant.**

No. ED 76041.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 16, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Mark A. McNally, St. Louis, pro se.

KATHIANNE KNAUP CRANE, Presiding Judge.

The Director of Revenue (the Director) appeals from the judgment of the circuit court ordering the Director to expunge petitioner's administrative alcohol suspension under Section 577.054 RSMo (1994). On appeal, the Director contends that the trial court exceeded its jurisdiction and misapplied the law because petitioner sought expungement of arrest records under Section 610.122 RSMo (Cum.Supp. 1998), a section which does not provide for expungement of records of administrative actions. The Director further argues that Section 577.054 likewise does not authorize the relief granted. We reverse.

Petitioner, Mark A. McNally, who was born on September 26, 1954 was arrested on January 4, 1987 and charged with driving while intoxicated. On March 27, 1987, the Director took action against petitioner's driving privilege in the form of administrative alcohol suspension. Petitioner was thirty-two years old. The Director suspended petitioner's driving privilege for thirty days. The Department of Revenue's Electronic Record System shows with respect to petitioner:

**Department Actions**

**Administrative Alcohol Suspension** effective on 3–27–1987

Eligible to reinstate on 6–25–1987, action is **Reinstated** as of 7–12–1988

Offense occurred in **Non–Commercial Vehicle**

Case AD87057949, ticket no. 000020607

On February 5, 1999, petitioner filed a "Petition for Expungement of Arrest Records" pursuant to Section 610.122 RSMo, naming the St. Louis County Police Department, City of Maplewood, Maplewood Municipal Police Department, Missouri Highway Patrol Troop C, Criminal Records Repository, Regional Justice Information Service Commission and the Director as defendants. The petition was noticed for hearing on March 9, 1999. The

Director filed a "Motion to Dismiss Petition as it Relates to Administrative Suspension" on the grounds that petitioner was ineligible for expungement of his 1987 suspension under Section 577.054.

On March 9, 1999, the trial court heard the petition. In its judgment the court found that Section 577.054 applies to an administrative suspension and ordered the Director to expunge the record of petitioner's administrative suspension. The Director appeals.[1]

■ The Director first argues that, because petitioner petitioned the court for expungement under Section 610.122[2], the court had no authority to proceed under Section 577.054. Although no record was made of the hearing, it appears from the legal file that the issue was tried as a claim under Section 577.054 by consent. In his motion to dismiss, the Director argued only reasons why Section 577.054 did not apply and did not mention Section 610.122. In addition, the trial court recited in its judgment that plaintiff had petitioned for expungement pursuant to Section 577.054.

The Director next argues that Section 577.054 does not authorize expungement in this case because that statute authorizes only the expungement of records relating to an individual's arrest, plea, trial and conviction and does not extend to an administrative suspension. We agree.

Section 577.054 provides in part:

After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-re-

lated driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction.

■ The primary rule of statutory interpretation requires the court to ascertain the legislative intent by considering the plain and ordinary meaning of the words in the statute. *Mills v. Director of Revenue*, 964 S.W.2d 873, 875 (Mo.App.1998). When a statute has clear and unambiguous language, there is no room for construction. *Id.* Section 577.054 provides for the expungement from all official records all recordations of an individual's arrest, plea, trial or conviction. It does not authorize expungement of the records of administrative suspension. *See Ford v. Director of Revenue*, 11 S.W.3d 106, 110 (Mo.App. 2000).

■ Further, the legislature has enacted a statute which deals specifically with the expungement of Department of Revenue records. Section 302.545 RSMo (Cum.Supp.1998). "When the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general." *Greenbriar Hills v. Director of Revenue*, 935 S.W.2d 36, 38 (Mo. banc 1996). Section 302.545 authorizes the expungement of Department of Revenue records of suspension or revocation with respect to persons under twenty-one years of age who meet certain conditions. When " 'a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned.' " *Greenbriar Hills*, 935 S.W.2d at 38. (quoting *Giloti v. Hamm–Singer Corp.*, 396 S.W.2d 711, 713 (Mo.1965). Section

---

1. The minutes reflect a judgment was entered with respect to the other parties, those parties have not appealed.

2. Section 610.122 applies only to records of arrest, and then, only if the court finds that

the arrest was based on false information and that all five conditions set forth in the statute are shown to exist. *See Ford v. Director of Revenue*, 11 S.W.3d 106, 108 (Mo.App. S.D. 2000).

302.545 therefore excludes expungement of Department of Revenue records for persons who do not fall within the purview of that statute.[3]

■ In conclusion, there is no statutory basis to authorize expungement of petitioner's administrative suspension. *Ford,* 11 S.W.3d at 110. Further, in the absence of statutory authorization for expungement of Department of Revenue drivers' records, a court has no equitable power to expunge. *Id.* at 109–110.

The judgment of the circuit court is reversed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.

---

**3.** Petitioner did not attempt to and could not take advantage of Section 302.545 because he was thirty-two years old at the time the Di-

rector took administrative action against his driving privilege.