**DIRECTOR OF REVENUE, Appellant,**

v.

**Michael Terry KLENKE, Respondent.**

No. ED 77268.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 17, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Gerald Dickman, Clayton, MO, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment in an expungement action brought by Michael Terry Klenke under section 577.054 RSMo.1994. We reverse and remand.

In 1997, Klenke brought an action in the Circuit Court of Franklin County, City of Union Municipal Division (Municipal Court) seeking expungement of his records under section 577.054. The parties stipulated that: (1) on April 1, 1985, Klenke pleaded guilty in Municipal Court to driving while intoxicated; (2) Klenke's guilty plea was for his first alcohol related offense and did not involve driving a commercial motor vehicle; and (3) since his plea, Klenke had not been convicted of any alcohol related offense or had any other alcohol related contacts, as defined in section 302.525 RSMo.1994, for the ten years prior to bringing his expungement action.[1] The Municipal Court ordered expungement of all records relating to Klenke's conviction for driving while intoxicated, including records of any administrative action taken by Director. Director filed a petition for trial de novo in circuit court seeking review of the Municipal Court's decision. The circuit court dismissed Director's petition for lack of jurisdiction. Because Director had the right to a trial de novo under section 479.200 RSMo.1994, this court reversed the circuit court's judgment and remanded for further proceedings. *Director of Revenue v. Klenke,* 988 S.W.2d 82, 84 (Mo.App. E.D.1999).

After remand by this court, the circuit court considered, among other things, Director's exhibit A. This exhibit consisted of

---

1.  Klenke's guilty plea arose from his arrest on December 15, 1984, at age twenty-five, for driving while intoxicated.

Department of Revenue records that were certified by the custodian of records under section 302.312 RSMo. Cum.Supp.1998. The court entered judgment and ordered the expungement of the portion of exhibit A that contained the Department of Revenue's notice to Klenke of his loss of driving privileges, the December 15, 1984 report of the arresting officer, Klenke's traffic ticket for driving while intoxicated, the blood alcohol test report, D.W.I. offense report and the portion of Klenke's Missouri Driver Record that showed Klenke's administrative revocation of his driving privileges.[2] Director appeals.

Director argues that section 577.054 relates only to expungement of arrest and criminal records and does not authorize expungement of Department of Revenue administrative actions. Section 577.054 provides:

> After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement. The effect of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest, plea, trial, conviction or expungement in response to any inquiry made of him for any purpose whatsoever and no such inquiry shall be made for information relating to an expungement under this section. A person shall only be entitled to one expungement pursuant to this section. Nothing in this section shall prevent the director from maintaining such records as to ensure that an individual receives only one expungement pursuant to this section for the purpose of informing the proper authorities of the contents of any record maintained pursuant to this section.

The application of section 577.054 was addressed by this court in *McNally v. St. Louis County Police Department*, 17 S.W.3d 614 (Mo.App. E.D.2000). In that case, Director appealed from the trial court's judgment finding that section 577.054 applied to an administrative suspension and ordering Director to expunge the record of the driver's administrative suspension of driving privileges. *McNally*, 17 S.W.3d at 616. This court held that section 577.054 provides for expungement from all official records of an individual's arrest, plea, trial or conviction but not expungement of the records of a driver's administrative suspension. *Id.* In addition, this court recognized that the legislature enacted a statute, section 302.545 RSMo. Cum.Supp.1998, that deals specifically with expungement of Department of Revenue records. *Id.* This court then stated:

**2.** The circuit court also ordered expungement of all official records of the City of Union, Municipal Court and any other agency regarding the arrest, plea, trial and conviction of Klenke related to his 1985 plea. The court further stated that nothing in its order shall prevent the Department of Revenue from maintaining such records to ensure that Klenke receives only one expungement under section 577.054.

"When the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general." Section 302.545 authorizes the expungement of Department of Revenue records of suspension or revocation with respect to persons under twenty-one years of age who meet certain conditions. When " 'a statute enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned.' " Section 302.545 therefore excludes expungement of Department of Revenue records for persons who do not fall within the purview of that statute.

*Id.* (citations omitted). This court concluded that there is no statutory basis to authorize expungement of the driver's administrative suspension. *Id.* at 617. "Further, in the absence of statutory authorization for expungement of Department of Revenue drivers' records, a court has no equitable power to expunge." *Id.* The analysis in *McNally* applies to the present case.[3] The circuit court erred in its judgment regarding expungement of Director's exhibit A. *Id.* at 616–17; *see also Ford v. Director of Revenue*, 11 S.W.3d 106, 108–10 (Mo.App. S.D.2000).

The judgment is reversed and remanded with directions for the circuit court to enter judgment consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and JAMES R. DOWD, J., concur.

---

**3.** This court issued its opinion in *McNally* approximately six months after the circuit court entered its judgment. Klenke concedes that *McNally* "would indicate [he] is not enti-

tled to an expungement of the administrative action as ordered by the trial court." We decline Klenke's suggestion to reconsider *McNally*.