**Bradley C. BALDWIN, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**Jimmy D. Ballard, Appellant,**

v.

**Director Of Revenue, Respondent.**

**Nos. SC 82900, SC 83037.**

Supreme Court of Missouri, En Banc.

Jan. 31, 2001.

Rehearing Denied March 20, 2001.

Jeffrey S. Eastman, Keleher & Eastman, Gladstone, for Appellant Bradley C. Baldwin.

Bruce B. Brown, Kearney, for Appellant Jimmy D. Ballard.

Jeremiah W. (Jay) Nixon, Atty. General, Paul Wilson, Evan J. Buchheim, Assistant Attorneys General, Jefferson City, for Respondent Director of Revenue.

HOLSTEIN, Judge.

At issue in this consolidated driver's license suspension case is an asserted ambiguity resulting from 1996 amendments to secs. 302.505 to 302.545, RSMo Cum.Supp. (1996).[1] Following the suspension of their licenses, appellants filed petitions for *de novo* review in circuit court. Each circuit court rendered a decision in favor of the director. Due to the similarity of the issues of law presented, the cases have been consolidated. The facts are not in dispute in either case. The circuit court's judgment is reversed as to appellant Bradley Baldwin.

The judgment of the circuit court is affirmed as to appellant Jimmy Ballard.

I.

In the early morning of October 17, 1998, an officer of the Parkville Police Department stopped appellant Bradley C. Baldwin for speeding and weaving in and out of his lane of traffic. The officer asked Baldwin to exit his truck and proceeded to explain why Baldwin was stopped. During the conversation, the officer smelled a strong odor of alcohol on Baldwin's breath. The officer asked Baldwin whether he had been drinking, and Baldwin replied that he "had a lot to drink earlier." Baldwin agreed to submit to a sobriety test and failed. The officer arrested Baldwin for driving while intoxicated and transported him to the Parkville Police Department. There, it was determined that Baldwin's blood alcohol content (BAC) was .133%. At the time of the arrest, Baldwin was 20 years of age. The record does not indicate whether Baldwin was convicted of an offense under chapter 577 or whether such charges are pending.

At his trial *de novo* and on appeal, Baldwin argues he was entitled to avail himself of secs. 302.541.2 and 302.545, providing an exemption from proof of financial responsibility filing requirements and record expungement, respectively. The trial court concluded otherwise, ruling Baldwin ineligible for the benefits of those statutes. This Court granted Baldwin's application for transfer. Jurisdiction lies under *Mo. Const. art. V, sec. 10.*

II.

In the second case, an Albany, Missouri police officer was exiting the police station in the early morning of May 31, 1998, when he heard the sound of squealing tires nearby. He walked to a favorable vantage point and saw two pickup trucks traveling from the direction from which the sound came. A red Ford pickup truck was being followed by a green and yellow Chevy

1. All statutory references are to RSMo Cum. Supp. (1996), unless otherwise indicated.

pickup truck. Eventually, the Chevy reached the officer's location, and he stopped the vehicle in order to ask about the squealing tires. The occupants explained that the driver of the Ford, Jimmy Ballard, was responsible. The officer went to his patrol car and proceeded to pursue the Ford.

Within five or ten minutes, the officer found Ballard double-parked on the west side of the city square. Eventually, he pulled behind Ballard in an attempt to get him to leave the space. Then, Ballard drove around to the east side of the square. The officer activated his emergency lights and stopped Ballard's truck. He informed Ballard that he had been stopped for squealing his tires. At that time, the officer smelled the odor of intoxicants emanating from Ballard and began conducting several field sobriety tests. Ballard failed the tests, and the officer arrested him for driving while intoxicated. The officer transported Ballard to the Albany police station and administered a breathalyzer test. The test revealed Ballard's BAC was .135%. Ballard was under age 21 at the time.

Subsequently, the director suspended Ballard's license, and Ballard filed a petition for a trial *de novo* in circuit court. Ballard claimed the director was required to establish the officer had probable cause to stop him. The court disagreed. It ruled that sec. 302.505.1 treats all drivers with a BAC of .10% or more the same so that probable cause was needed to arrest Ballard, but not to stop his truck. Following opinion by the court of appeals, it ordered the case transferred to this Court under *Rule 83.02*. Jurisdiction of this case lies pursuant to *Mo. Const. art V., sec. 10*.

### III.

Prior to 1996, sec. 302.505.1, RSMo (1994) provided:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

In 1996, the General Assembly amended the statute, replacing the period at the end of the original statute with a comma and adding:

or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, RSMo, or driving with excessive blood alcohol content in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

Simultaneously, the legislature amended sec. 302.541, adding a subsection .2, which provides:

Any person less than twenty-one years of age whose driving privilege has been suspended or revoked solely for a first determination pursuant to sections 302.500 to 302.540 that such person was driving a motor vehicle with two-hundredths of one percent or more blood alcohol content is exempt from filing proof of financial responsibility with the department of revenue in accordance with chapter 303, RSMo, as a prerequisite for reinstatement of driving privileges or obtaining a restricted driving privilege as provided by section 302.525.

Finally, the legislature enacted sec. 302.545, which provides in relevant part:

1. Any person who is less than twenty-one years of age and whose driving privilege has been suspended or revoked, for a first determination under sections 302.500 to 302.540, that such person was driving with two-hundredths of one percent of blood

alcohol content, shall have all official records and all recordations maintained by the department of revenue of such suspension or revocation expunged two years after the date of such suspension or revocation, or when such person attains the age of twenty-one, whichever date first occurs....

2. The provisions of this section shall not apply to any person whose license is suspended or revoked for a second or subsequent time pursuant to subsection 1 of this section or who is convicted of any alcohol-related driving offense before the age of twenty-one including, but not limited to:

(1) Driving while intoxicated pursuant to section 577.010, RSMo; or

(2) Driving with excessive blood alcohol content pursuant to section 577.012, RSMo.

 Since only a legal issue is at stake, this Court reviews the trial court's judgment *de novo. Cox v. Tyson Foods, Inc.,* 920 S.W.2d 534, 535 (Mo. banc 1996). In construing statutes, words are given their plain and ordinary meaning whenever possible. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo. banc 1998). A court will stray from this rule only when the words' meaning is ambiguous or leads to an illogical result defeating the purpose of the legislature. *Id.* "When the legislature amends a statute, the amendment is presumed to have some effect. In deciding the effect of the amendment, the Court looks to the words used in the statute and the plain and ordinary meaning of those words. The provisions of the entire legislative act must be considered together and all the provision must be harmonized if possible." *Hagan v. Director of Revenue,* 968 S.W.2d 704, 706 (Mo. banc 1998) (citations omitted). Statutory provisions relating to the same subject matter are considered *in pari materia* and are to be construed together. *EBG Health Care III, Inc. v. Missouri Health Facilities Review Comm.,* 12 S.W.3d 354, 360 (Mo.App. 2000). In doing so, the Court attempts to read this legislation consistently and harmoniously. *Id.*

## IV.

 The preliminary issue presented in the Ballard case is whether the officer had probable cause to believe Ballard had violated a "municipal traffic ordinance." [2] He claims that probable cause to arrest for driving while intoxicated acquired after an initial stop based on less than probable cause is inadequate to justify suspension of his driving privileges under sec. 302.505.1, because he was under twenty-one years of age at the time the initial traffic. The director seems to concede that the initial stop was not based on probable cause to believe that Ballard had committed any offense. The director claims that because Ballard had a blood alcohol content in excess of .10%, the officer was not required to have probable cause to believe an offense had occurred to make the initial stop as a precondition of the suspension.

The text of sec. 302.505.1 resolves the issue. As amended, the statute contains two alternative clauses. The first provides for the suspension of the license of "any person" arrested upon probable cause to believe that the driver operated a vehicle with a blood alcohol is .10% or more. The second applies the same sanction to persons under twenty-one years of age stopped on probable cause to believe such person was committing any state or local traffic offense and whose BAC is .02% or more. Ballard qualifies as "any person" under the first clause and as a "person less than less than twenty-one years of age" under the second clause.

2. By this, as we understand his argument, Ballard means "a state, county or municipal offense." *See* sec. 302.505.1.

Citing *Riche v. Director of Revenue*, 987 S.W.2d 331 (Mo. banc 1999), Ballard argues that a special safeguard was created for younger drivers subject to sanction for the lower BAC by requiring probable cause for the initial stop of such persons. That was not the precise holding of *Riche*. The precise holding was that under Equal Protection analysis, the state could grant special safeguards to younger drivers who are subject to special sanctions that are not applicable to adult drivers. *Id.* at 337. The case simply did not hold that a person under twenty-one years of age did not qualify as "any person" under the first clause.

There was no error in finding that because Ballard's blood alcohol exceeded .10%, he was subject to the suspension provided for in the first clause, regardless of his age. The result may have been different if Ballard's blood alcohol were between .02 % and .099%. In such case, the "special safeguard" of the second clause, requiring probable cause for the stop, may have come into play.

## V.

■ Because he asserts the benefit of different statutes, a somewhat different analysis is applicable to Baldwin's claim. Citing secs. 302.541.2 and 302.545.1, Baldwin insists that because of his age when he was arrested, he is entitled to expungement of the record and an exemption from filing proof of insurance. To this end, he points out that sec. 302.505.1 fails to place a .099% BAC cap on its application to young drivers. Rather, he argues the statute applies to any underage driver with a BAC of .02% or greater. The director responds that the provisions in question are ambiguous and must be construed to give no more favorable treatment to drivers under twenty-one years of age who have a blood alcohol level of .10% than to such drivers who are older.

■ Section 302.541.2 is not ambiguous. There can be no question that sec. 302.541.2 applies to "any person under twenty-one years of age" whose license was suspended under sec. 302.505.1 for driving with "two hundredths of one percent or more blood alcohol content." Baldwin was such person and is entitled, if he met the other requirements of the statute, to exemption from filing proof of insurance. There is no basis to resort to statutory construction to create an ambiguity where none exists. *Schudy v. Cooper*, 824 S.W.2d 899, 901 (Mo. banc 1992).

■ Similarly, under the expungement provision of sec. 302.545.1, there is no question that Baldwin was a person under twenty-one when his license was suspended pursuant to sec. 302.505.1. That is not to say sec. 302.545.1 contains no ambiguity. It provides that "[a]ny person" under twenty-one years of age whose driving privileges are suspended for a first time under sec. 302.505 for "driving with two-hundredths of one percent of blood alcohol content" is entitled to expungement of the director's records two years after the suspension or upon attaining age twenty-one, whichever occurs first, subject to certain exceptions not relevant here. Curiously, the words "or more" in connection with the reference to the .02% BAC do not appear in sec. 302.545.1 as they do in the second clause of sec. 302.505.1 and in sec. 302.541.2. The director concedes that the expungement provision is ambiguous and should be construed as intended to benefit a youthful driver whose license was suspended. With that Baldwin does not disagree. But the director would have the Court go further.

The director claims we should look beyond the 1996 amendments to the provisions applicable to "any person" in the first clause of sec. 302.505.1. Citing *dicta* in *Ford v. Director of Revenue*, 11 S.W.3d 106, 109 (Mo.App.2000),[3] the director

3. Specifically, *Ford* stated: "Section 302.545 ... authorizes the expungement of the De-

partment records, but it applies only to persons under twenty-one years of age whose

would read the words "but less than .10%" into the second clause of sec. 302.505.1, the expungement of records provision and the exception from filing proof of insurance provision. However, those words do not appear in any of the relevant 1996 amendments. The Court will not assume the General Assembly intended to use words that do not appear in the text of the amended statute and which are inconsistent to what is clearly expressed. The Court will do no more than read the ambiguity in sec. 302.545.1 in a manner consistent with the other unambiguous 1996 changes in the law. If more words need to be added, the director should look to the General Assembly. To the extent it suggests a different conclusion, the *Ford* case is overruled.

The judgment of the trial court in the Baldwin appeal is reversed and remanded for entry of judgment consistent with this opinion. The judgment in the Ballard appeal is affirmed.

PRICE, C.J., WHITE and WOLFF, JJ., concur.

LIMBAUGH, J., concurs in part and dissents in part in separate opinion filed.

COVINGTON and BENTON, JJ., concur in opinion of LIMBAUGH, J.

LIMBAUGH, Judge, concurring in part and dissenting in part.

I see the interplay between sections 302.505.1, 302.541.2 and 302.545.1 in a different way. The amendment to section 302.505.1, and the provisions of new sections 302.541.2 and 302.545.1 were enacted in the same bill and on the same day, H.B. 1169 and 1271, 1996 Mo. Laws 599, 610, 614, 623, and should be read in *pari materia. State v. Knapp,* 843 S.W.2d 345, 347 (Mo. banc 1992). For the convenience of the reader, I restate the text of those sections as follows:

The department shall suspend or revoke the license of any person upon its

determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, RSMo, or driving with excessive blood alcohol content in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

Sec. 302.505.1, RSMo Supp.1996.

Any person less than twenty-one years of age whose driving privilege has been suspended or revoked solely for a first determination pursuant to sections 302.500 to 302.540 that such person was driving a motor vehicle with two-hundredths of one percent or more blood alcohol content is exempt from filing proof of financial responsibility with the department of revenue in accordance with chapter 303, RSMo, as a prerequisite for reinstatement of driving privileges or obtaining a restricted driving privilege as provided by section 302.525.

Sec. 302.541.2, RSMo Supp.1996.

Any person who is less than twenty-one years of age and whose driving privilege has been suspended or revoked, for a first determination under sections 302.500 to 302.540, that such person was driving with two-hundredths of one percent of blood alcohol content, shall have all official records and all recordations maintained by the department of revenue of such suspension or revocation

driving privilege has been suspended or revoked for a first determination that they were

driving with a blood alcohol content of .02 to .10."

expunged two years after the date of such suspension or revocation, or when such person attains the age of twenty-one, whichever date first occurs....

Sec. 302.545.1, RSMo Supp.1996.

There are two parts to sec. 302.505.1, which mandates the suspension of one's driver's license for driving with blood alcohol content. The first part applies to all persons, including those under 21, who drive with a BAC of more than .1%. Those persons must file proof of financial responsibility as a prerequisite to reinstatement, and they are not entitled to have the record of their suspensions expunged. The second part applies only to persons under 21 who drive with a BAC of .02% or more. Those persons are exempt from filing proof of financial responsibility, sec. 302.541.2, and are entitled to have the record of their suspensions expunged, sec. 302.545.1. To be sure, the second part of sec. 302.505.1 and the provisions of sec. 302.541.2 and sec. 302.545.1 are unambiguous when read in isolation. However, when those provisions are considered in conjunction with the first part of sec. 302.505.1, which on its face applies to all persons (even those under 21), and when BAC exceeds .1%, so that both parts of sec. 302.505.1 appear to cover the situation, which part controls? This ambiguity should be resolved by resort to the apparent legislative intent behind the second part of sec. 302.505.1 which, at the least, is that persons under 21 are not to be treated any less severely than persons 21 or over.

Accordingly, I would hold that the first part of section 302.505.1 overrides the second part of that section to the extent that the second part purports to apply to persons under 21 who drive with a BAC of more than .1%. Those persons lose their license under the first part of section 302.505.1. Consequently, persons in that category do not qualify for the special treatment provided in sections 302.541.2 and 302.545.1, as those sections apply only to persons under 21 who come under the second part of section 302.505.1.

My analysis is essentially the same as the majority's analysis in the *Ballard* case. However, the majority is unwilling to carry that analysis through to the circumstances of the *Baldwin* case. The majority holds that defendant Ballard was not entitled to invoke the "probable cause for the initial stop" requirement of the second part of section 302.505.1 because the first part of the statute, which only requires probable cause for the arrest, controls if, as with defendant Ballard, the under 21 driver had a BAC of .1% or more. In contrast, the majority holds that defendant Baldwin is entitled to relief under sections 302.541.2 and 302.545.1, because those sections unambiguously apply to any person under 21 whose license was suspended for driving with a BAC of .02%.

Inexplicably, the majority fails to make the connection that the application of sections 302.541.2 and 302.545.1 is dependent on the application of the second part of section 302.505.1. In other words, sections 302.541.2 and 302.545.1 come into play only if there has been a license suspension under the second part of section 302.505.1. If, indeed, the first part of section 302.505.1 overrides the second part of that section in cases involving persons under 21 with a BAC of .1% or more, as the majority correctly holds in Ballard's case, then the first part of section 302.505.1 also overrides sections 302.541.2 and 302.545.1 in Baldwin's case.

For these reasons, I would affirm the judgment in both the *Ballard* case and the *Baldwin* case.