STATE of Missouri, Plaintiff,

Jack Price Dean, Jr., Respondent,

v.

Quentin WILSON, Director of Revenue, State of Missouri, Appellant.

No. WD 58470.

Missouri Court of Appeals, Western District.

Submitted Feb. 8, 2001.

Decided June 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2001.

Application for Transfer Denied Oct. 23, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Anemarie D. Mura, Asst. Atty. Gen., Kansas City, for Appellant.

Jeffrey D. Eastman, Gladstone, for Respondent.

Before LAURA D. STITH, P.J.,[1] JAMES M. SMART, JR. and VICTOR C. HOWARD, JJ.

SMART, Judge.

This case involves an action to expunge records under § 577.054, RSMo 1994. The trial court in this case entered a judgment ordering expungement from the records of all information related to the arrest and guilty plea of Mr. Jack Price Dean, Jr., for driving while intoxicated in 1987, including records of "any and all administrative action taken by the Director of Revenue." The Director appeals.

## Factual Background

On December 9, 1987, Dean was arrested for, and pleaded guilty to, driving while intoxicated. The Director of Revenue subsequently suspended Dean's driving privileges on the basis that he was driving with a blood alcohol level of at least .13%. Twelve years later, on December 17, 1999, Dean filed an application with the circuit court seeking expungement of the records relating to the incident under § 577.054, RSMo. Section 577.054 provides a method whereby an individual who has maintained a record free of alcohol-related driving offenses for a period of ten years or more may, with certain restrictions, obtain an order expunging "from all official records all recordations of his arrest, plea, trial or conviction." The effect of the order, according to the statute, shall be "to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place." A person is limited to one expungement pursuant to § 577.054.

On February 14, 2000, the trial court entered its judgment ordering the ex-

pungement of the arrest and conviction records relating to Dean's DWI charge, and also ordering the expungement of the records of the Director of Revenue relating to the administrative suspension imposed pursuant to the arrest. The Director appeals from that judgment. The Director raises one point on appeal, contending that the trial court erred in the order of expungement because § 577.054 relates only to the expungement of arrest and criminal records and does not authorize the expungement of records of administrative actions. We begin by considering the text of the statute:

After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement. The effect of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never

1. Judge Stith participated in the case at the time of submission as a member of the court and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

taken place. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest, plea, trial, conviction or expungement in response to any inquiry made of him for any purpose whatsoever and no such inquiry shall be made for information relating to an expungement under this section. A person shall only be entitled to one expungement pursuant to this section. Nothing contained in this section shall prevent the director from maintaining such records as to ensure that an individual receives only one expungement pursuant to this section for the purpose of informing the proper authorities of the contents of any record maintained pursuant to this section.

Section 577.054. The Director argues that this statute, by its clear terms, deals only with records of arrests, pleas, trials and convictions. The Director notes that there is no reference in the statutory language to administrative actions taken by the Director of Revenue pursuant to §§ 302.500 to 302.525. The Director also argues that because there is a specific statute, § 302.545 RSMo 1998 Cum.Supp., dealing with expungement of records of adminis-

trative actions, that statute is the exclusive remedy for the removal of such records. Section 302.545 provides that an underage offender whose driving privilege was suspended or revoked administratively is to receive expungement, with certain limitations, of "all official records and all recordations maintained by the Department of Revenue of such suspension or revocation." The expungement of the administrative record is to take place two years after the suspension or revocation occurred, or when the person attains the age of twenty-one, whichever date first occurs.[2]

The Director suggests that because § 302.545 provides for expungement of records in a very specific, limited instance, the General Assembly must have intended not to allow anyone else the benefit of expungement of records of administrative discipline, no matter how many years of exemplary driving have intervened. The Director argues that while § 577.054 will allow the *criminal* records to be expunged after ten years of exemplary driving, the General Assembly evidently wanted the Director to be able to maintain indefinitely all records of all *administrative* actions in all cases except those addressed by § 302.545.

The Director relies on *Director of Revenue v. Klenke,* 29 S.W.3d 391 (Mo.App.

**2.** The full text of § 302.545 is as follows:

**Expungement of records when.**—1. Any person who is less than twenty-one years of age and whose driving privilege has been suspended or revoked, for a first determination under sections 302.500 to 302.540, that such person was driving with two-hundredths of one percent of blood alcohol content, shall have all official records and all recordations maintained by the department of revenue of such suspension or revocation expunged two years after the date of such suspension or revocation, or when such person attains the age of twenty-one, whichever date first occurs. Such expungement shall be performed by the department of revenue without need or of a

court order. No records shall be expunged if the person was found guilty or pled guilty to operating a commercial motor vehicle, as defined in section 302.700, with a blood alcohol content of at least four-hundredths of one percent.

2. The provision of this section shall not apply to any person whose license is suspended or revoked for a second or subsequent time pursuant to subsection 1 of this section or who is convicted of any alcohol-related driving offense before the age of twenty-one including, but not limited to:

(1) Driving while intoxicated pursuant to section 577.010, RSMo; or

(2) Driving with excessive blood alcohol content pursuant to section 577.012, RSMo.

E.D.2000) and *McNally v. St. Louis County Police Dept.*, 17 S.W.3d 614 (Mo.App. E.D.2000), both of which support the Director's position. In *Klenke*, the applicant brought an expungement action under § 577.054 in 1997. Mr. Klenke had pleaded guilty twelve years earlier in municipal court to driving while intoxicated. Since his plea, Mr. Klenke's record had been clear of alcohol-related offenses. Ultimately, the court held that Klenke, although entitled to expungement of the criminal records, was not entitled to expungement of records of his administrative discipline. In that decision, the court relied upon *McNally*, which was decided while the *Klenke* appeal was pending. *Klenke*, 29 S.W.3d at 393 fn. 3.

The *McNally* court noted that the statute by its express terms referred only to official records of an individual's "arrest, plea, trial or conviction." *McNally*, 17 S.W.3d at 616. The court also noted that the legislature specifically addressed the expungement of administrative records of a certain category of individuals in § 302.545. Citing *Greenbriar Hills v. Director of Revenue*, 935 S.W.2d 36 (Mo. banc 1996) the court noted that "[w]hen the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general." *McNally*, 17 S.W.3d at 616. Because § 302.545 applies only to persons who incurred administrative actions under the age of 21 who meet certain conditions, the court believed that construction of the statute was governed by the proposition that when a statute enumerates the subjects or things on which it is to operate, it is to be construed as excluding from its effect all those not

expressly mentioned. *Id.* (*citing Greenbriar Hills*, 935 S.W.2d at 38, quoting *Giloti v. Hamm–Singer Corp.*, 396 S.W.2d 711, 713 (Mo.1965)).[3] Thus, according to the court, § 302.545 excludes the prospect of expungement of the Director's records for persons who do not fall within the age range provided in the statute. *Id.* at 617. Accordingly, the court held that "there is no statutory basis to authorize expungement of petitioner's administrative suspension." *Id.*

The respondent, Jack Price Dean, does not agree. Dean launches an attack on the analysis in these cases, arguing that they are misguided in their approach to interpretation of the statutes. Dean argues that *McNally* went astray when it misinterpreted dictum from *Ford v. Director of Revenue*, 11 S.W.3d 106, 110 (Mo.App. 2000). Dean argues that it is erroneous to conclude that *Ford* interpreted § 577.054 as precluding expungement of administrative records. Dean argues that the court in *Ford* was simply commenting on the fact that relief under § 577.054 was not available in *Ford* because ten years had not elapsed since the arrest and suspension. The court in *Ford* stated as follows:

> It is significant, in this regard, that the legislature had enacted statutes concerning expungement of records concerning arrests and alcohol related enforcement contacts, and none of those legislative enactments would entitle respondent to the relief granted by the trial court. *See* § 610.112., RSMo Cum. Supp 1998; 302.545 RSMo Cum.Supp.1998; and 577.054 RSMo 1994. (FN.4) . . .

*Ford*, 11 S.W.3d at 110. The court in *Ford* noted, in the accompanying footnote, the

---

**3.** *Greenbriar* dealt with the issue of whether sales tax applied to service charges imposed in lieu of tips at a country club. The court held that § 144.020.1(6), which excludes from taxation the charges for meals and drinks paid to a place that does not serve the public, is more specific and controls over § 144.020.1(2), which taxes fees or charges made in any place of amusement.

ten-year requirement of § 577.054, as to which Mr. Ford did not qualify. We agree with Dean that it is not clear that the court was asserting in *Ford* that the Director's administrative records could never be expunged under § 577.054.[4]

█ We also agree with Dean's argument that the court in *McNally* misapplied the proposition that when the same subject is addressed in general terms in one statute and specific terms in another, the more specific controls. *McNally*, 17 S.W.3d at 616. As Respondent Dean correctly points out, the rule of statutory construction that a specific term controls over a more general applies only when there is a conflict between the two statutes. *Greenbriar*, 935 S.W.2d at 38; *Habjan v. Earnest*, 2 S.W.3d 875, 881 (Mo.App.1999). In *McNally*, the court did not identify any conflict between the statutes. Even if both statutes arguably related to expungement of records of administrative actions, no conflict is apparent. The legislature could choose to direct expungement as to young offenders of records of administrative actions, where the discipline occurred after a young person was caught driving with a .02 blood alcohol level. At the same time, the legislature could choose to allow expungement of records of administrative discipline (as well as criminal records) of those who have maintained an alcohol-free record for at least ten years. There is nothing inherently contradictory with such a notion. Thus, it does not seem necessary or appropriate to invoke the "general terms vs. specific terms" principle of construction.

Also, while it is true that "when a statute enumerates the subjects or things on which it operates ... it is to be construed as excluding from its effect all those not expressly mentioned," *McNally*, 17 S.W.3d at 616, such proposition does not mean the General Assembly cannot address one subject matter in more than one statute without appearing to create a conflict between the two.

Thus, we disagree with some of the analysis in *McNally* and *Klenke*. We do not believe that § 302.505 and § 302.545 provide any helpful guidance in interpreting § 577.054.[5] That in itself does not mean

---

4. If the court in *Ford* was attempting to address the issue of whether § 577.054 applied to expungement of administrative records, the court could have been more clear about it. For instance, in the footnote on page 110, the court could have simply commented that § 577.054 does not apply to administrative records.

5. In 1996, § 302.505 was amended to allow administrative license discipline when, *inter alia*, a person under age 21 was stopped upon probable cause to believe such person committed a traffic offense and had a blood alcohol content of two-hundredths of one percent or more by weight. This provision is sometimes referred to as the "zero tolerance" provision. The expungement statute related to this amendment is § 302.545, adopted in the same legislative session. When § 302.505 and § 302.545 are construed in *pari materia* it would appear that the purpose of the automatic expungement provision is in keeping with the notion that the real purpose of allowing administrative action at a blood alcohol level of only .02 is to provide additional strong discouragement to young drivers from drinking *any* alcohol in connection with driving. Thus, the legislature wished to provide a low threshold for blood alcohol content with young drivers, but the legislature wished to avoid burdening these drivers with a long-term identity as problem drivers at the same time, because a driver could have a blood alcohol level of .02 without any actual impairment of driving skills.

We do not think it is reasonable to believe that the adoption of § 302.545, which was adopted specifically in connection with the "zero tolerance" amendment to § 302.505, indicates that the legislature has expressed any specific intent one way or another as to whether other drivers, after a substantial period of driving with a clean record, should be entitled to expungement of records of administrative actions.

the decisions are wrong; it means only that care must be exercised in considering the authoritativeness of those cases as to the effect of § 577.054. Further analysis will determine whether *McNally* and *Klenke* were decided properly as to result. In pursuing that analysis, we begin, as did *McNally* and *Klenke*, with the conventional approaches to ascertaining the legislative intent.

### Plain and Ordinary Language

"In interpreting statutes, '[o]ur polestar is the intent of the legislature. Construction must always seek to find and further that intent.' " *Centerre Bank of Crane v. Dir. of Revenue*, 744 S.W.2d 754, 759 (Mo. banc 1988). Our interpretation of the relevant provisions of the statute must be derived from the plain and ordinary language of the statute. *State v. Knapp*, 843 S.W.2d 345, 347 (Mo. banc 1992); *Jones v. Dir. of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). It is not our place to construe the clear and unambiguous language of a statute. *Tuft v. City of St. Louis*, 936 S.W.2d 113, 118–19 (Mo.App. 1996). When determining whether statutory language is clear and unambiguous, we determine whether the terms of the statute are "plain and clear to one of ordinary intelligence." *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). If an ambiguity exists, we will seek an interpretation that does not render an absurd result. *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 341 (Mo. banc 1991).

The Director argues, and *Klenke* and *McNally* correctly note, that the plain language of the operative sentence of § 577.054 limits expungement to records of "arrest, plea, trial or conviction ." The Director points out that the statute does not specifically mention records of administrative actions. Of course, in interpret-ing the words of the statute, we do not limit ourselves to one or two sentences, but must consider the words of the entire statute. *Ferrell Mobile Homes, Inc. v. Holloway*, 954 S.W.2d 712, 715 (Mo.App. 1997). We note that a subsequent sentence provides that a person whose records have been expunged shall not be considered guilty of perjury or of giving a false statement because of failure to acknowledge "such arrest, plea, trial, conviction, or expungement" in response to any inquiry. In expressing those items which an expungee is entitled to deny, the drafters broadened the language to include the right to deny even the expungement itself. This broadening of the language to include the items which may be denied created the opportunity to include denial of even administrative actions. The General Assembly did not, however, include any language referring to administrative actions based on the arrest. This is consistent with the notion that § 577.054 never contemplated expungement of records of administrative actions. We wonder why, if administrative actions were to be included in the expungement, the statute would not specifically refer to the right of the beneficiary of the expungement to also deny that any administrative license actions had occurred.

Dean argues that the statute allows an "order to expunge from all official records all recordations of his arrest, plea, trial or conviction." *All official* records, Dean says, means "all," and he points out that all records maintained by the Director are *official* records. A record of an administrative action is related to the arrest, Dean reminds us, because an arrest is a necessary predicate for administrative action. § 302.505(1). We agree that the Director's records are affected by a § 577.054 expungement, to the extent they include notation of arrests, pleas, trials, or

convictions. This does not mean, however, they are necessarily affected as to records of administrative actions.

Dean also focuses on the portion of the statutory language which states that the effect "of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place." He argues this language must be construed together with the preceding language, and that portions of the statutes cannot be isolated and then interpreted narrowly. No doubt the language that "the effect of such order shall be to restore such person ..." is designed to make sure that the expungement actually relieves the person in question of any duty to answer "yes" when asked on any application about the arrest or conviction. No doubt it is also designed to keep the public from having access to any information about the prosecution. *State ex rel. Curtis v. Crow,* 580 S.W.2d 753 (Mo. banc 1979) (court construed virtually identical phraseology in § 195.290 as precluding a newspaper, defending a libel charge, from subpoenaing a prosecutor's file as to an expunged conviction).[6] But it may be significant that the General Assembly referred to recordations "of" an arrest ... rather than recordations "related to" or "resulting from" an arrest. Would the General Assembly have included in its contemplation a juvenile court proceeding which took note of the DWI conviction of an adult, and based thereon a decision concerning the welfare of children? Must those records be expunged? What about a file in a dissolution of marriage action in which there are pleadings, depositions and a decree mentioning mis-

conduct reflected in a DWI conviction? Must the Circuit Clerk or other holder of those official records expunge from the records any reference to the criminal proceedings and the conviction?

We think there is a difference between the words "of" and "related to." The statute did not use the words "related to." The administrative actions are indeed "related to" the arrest, but they are not in themselves recordations "of" the arrest in the same sense as, for instance, a highway patrol record of the arrest and conviction. It is true that in *Crow* the court applied the language broadly because to allow access to the prosecutor's file in that case "would allow the evident purpose of the statute to be circumvented" even if the file did not strictly fit within the language of the statute. In this case, we can ask whether failure to expunge records of the administrative actions would circumvent the purpose of § 577.054. The answer is that it would, but only to the extent that the purpose of the statute is to remove *all* disabilities caused by the former misconduct. But this simply begs the question as to whether the legislature intended to remove *all* disabilities related to the misconduct, including those reflected in records of collateral administrative actions. It is not necessarily illogical that the legislature could have elected to remove the stigma of criminal records while not removing records of administrative discipline. We simply do not know if the legislature would have regarded the maintenance of records of old administrative actions as having sufficient value to the state to offset the value of providing expungement to an apparently reformed driver.[7] Nor do we know wheth-

---

6. The language in *Crow* referred to "recordation of his arrest, trial, and conviction," whereas § 577.054 refers to recordation of "arrest, *plea,* trial, or conviction."

7. In *Stahl v. Director of Revenue,* 998 S.W.2d 601 (Mo.App.1999), the court ordered expungement of an illegal administrative denial of driving privileges. The court refused, however, to order expungement of the Director's

er the legislature even considered the matter. If we take the language at face value, we find no indication the legislature considered the expungement of records of administrative actions. It is not our place to construe language which is "plain and clear to one of ordinary intelligence." *See Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988).

In summary, we are persuaded by the fact that the language, taken at face value, does not grant expungement of records of administrative actions, nor specifically permit an expungee to deny that an administrative action occurred. Even if some of the analysis in *Klenke* and *McNally* is doubtful, we take note of the fact that the court in those cases was influenced significantly by its view that the plain language of § 577.054 did not appear to extend to records of administrative actions. Taking everything into consideration, we believe the most direct and simple way of understanding § 577.054 is to take at face value the language stating that the expungement operates as to recordations "*of* an arrest, plea, trial or conviction" (emphasis added). Therefore, we conclude that the expungement of records of administrative actions taken pursuant to the arrest in question are not governed by the statute. The Director must still, of course, expunge any records of arrests, pleas, trials, or convictions as to which expungement is ordered, even if the Director does not expunge records of administrative actions.

### Conclusion

We hold that the trial court erred in applying the statute. The judgment is reversed to the extent that it directs the expungement of the Director of Revenue's

records as to the administrative actions affecting Dean's license.

LAURA DENVIR STITH and HOWARD, JJ., concur.

---

record of the fact that there was a man's later conviction even though that conviction was not operative as to any license disciplinary action in that case. *Id.* at 603–604. The court

noted that "driving records are relied on for various purposes and are expected to be accurate." *Id.* at 603.