**In the Interest of J.O.N., a Male Minor, Appellant,**

v.

**JUVENILE OFFICER, Respondent.**

**No. WD 41380.**

Missouri Court of Appeals, Western District.

Aug. 1, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1989.

Richard C. Thomas, Columbia, for appellant.

Diane Rubenstein, Columbia, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

---

KENNEDY, Judge.

Jeffrey was 16 years of age on March 25, 1988, when according to the allegations of the juvenile officer's petition in the Juvenile Court of Boone County, Missouri, he committed the Class C misdemeanor of third-degree assault upon one Matthew in violation of section 565.070, RSMo 1986. The petition was filed on June 6, 1988, and served on the juvenile and his parents on June 16.

Jeffrey had his seventeenth birthday on July 8, 1988, before trial was held in juvenile court on October 14, 1988. Jeffrey claimed by motion to dismiss that the juvenile court had lost jurisdiction on his seventeenth birthday. His motion to dismiss was overruled by the juvenile court. The court after an evidentiary hearing found Jeffrey had committed the criminal act charged and that he was "in need of care and treatment under Chapter 211, RSMo". By a later order made November 28, 1988, he was placed in the custody of his parents under the supervision of the juvenile officer, and he was ordered to complete 50 hours of community service.

Jeffrey in his appeal here repeats the claim he made in the juvenile court that the juvenile court lost jurisdiction when he attained the age of 17 on July 8, 1988, and that the court was therefore without jurisdiction to entertain the subsequent proceedings and to enter judgment therein. We reject this argument and affirm the judgment of the trial court.

Jeffrey acknowledges the juvenile court could have made an effective order before his seventeenth birthday retaining jurisdiction, but argues that such an order was essential to the retention of jurisdiction. He cites section 211.041, RSMo 1986, and *J.D.H. v. Juvenile Court of St. Louis County*, 508 S.W.2d 497 (Mo. banc 1974). Those authorities do not deal with the kind of case we have before us.

Jeffrey's argument assumes that the juvenile court's jurisdiction of the person and subject matter depended upon the court's having *acquired* jurisdiction before he attained the age of 17 and having *retained* jurisdiction thereafter. That, however, is not the case where the basis of the juvenile court's exercise of jurisdiction rests upon the juvenile's alleged violation of a state law, as was the case here. Section 211.031, RSMo 1986, provides that the juvenile court shall have "exclusive original jurisdiction in proceedings ... (3) [i]nvolving any *child* who is alleged to have violated a state law or municipal ordinance, or any *person* who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years ..." (emphasis added). The legislature's use of the word "person" in the foregoing excerpt is deliberate and significant. The statute intends to make it clear that the juvenile court has jurisdiction in proceedings involving a *child* (i.e., a person under 17 years of age, section 211.021(2), RSMo 1986), who is alleged to have violated a state law and also of a proceeding involving a *person*, regardless of age, who is alleged to have violated a state law prior to attaining the age of 17 years. The jurisdiction of the juvenile court depends only upon the occurrence of the law violation before the violator was 17.

Section 211.031.1(3) as so interpreted is in harmony with section 211.061.2, RSMo 1986, which says that when a person who is alleged to have committed an offense comes before a judge who is not a juvenile judge and the accused is "ascertained" to have been "under the age of seventeen years at the time he is alleged to have committed the offense", then his case is forthwith to be transferred or referred to the juvenile court. The statutory scheme contemplates that the law violator may be age 17 when he is apprehended or charged, but the juvenile court has jurisdiction if he was under 17 when the offense is alleged to have been committed.

Judgment affirmed.

All concur.