STATE of Missouri, Respondent,

v.

Samuel E. OWEN, III, Appellant,

Director of Revenue, Respondent.

No. WD 66655.

Missouri Court of Appeals, Western District.

March 6, 2007.

Jeffrey Scott Eastman, Gladstone, for Appellant.

J. Bartley Spear, Jr., Maysville, for Respondent Sheriff's Department and State of Missouri.

Cheryl Ayn Caponegro Nield, Associate Solicitor, Jefferson City, for Respondent Department of Revenue.

Anthony William Horvath, Jefferson City, for Respondent Missouri Highway Patrol.

Before ROBERT G. ULRICH, P.J.,
HAROLD L. LOWENSTEIN, and
JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Samuel Owen appeals the judgment of
the Circuit Court, denying his petition for
expungement of his alcohol-related driving
offense. The judgment is affirmed.

## Procedural and Factual Background

On August 21, 1981, Owen pleaded
guilty to the criminal charge of driving
with an excessive blood alcohol content.
This was Owen's first alcohol-related driv-
ing offense and did not involve operation of
a commercial vehicle. More than ten
years has elapsed since this plea of guilty,
and Owen has not since been convicted of
any other alcohol-related driving offenses.

Owen petitioned the court pursuant to
section 577.054 [1] to expunge this charge
from his records. The Director of Reve-
nue filed a Motion to Dismiss Owen's peti-
tion stating that Owen had been issued a
commercial driver's license and held the
license until he surrendered the license
just before his petition was filed. Based
on language in section 577.054.2, the Di-
rector claimed this made Owen ineligible
for expungement.

Owen admitted that he had held a com-
mercial driver's license and had surren-
dered it just before he filed his petition.
He argued that only one who holds a com-
mercial license is ineligible under the stat-
ute. The court agreed with the Director's
interpretation of the statute and denied
Owen's petition for expungement. Owen
appeals.

[1]. All statutory references are to the Missouri
Revised Statutes 2005 Cumulative Supple-
ment.

## Standard of Review

Our review is governed by *Murphy v.
Carron*, 536 S.W.2d 30 (Mo. banc 1976).
We will affirm the trial court's decision
unless it is not supported by substantial
evidence, it is against the weight of the
evidence, or it erroneously declares or ap-
plies the law. *Id.* at 32. Because this is
solely an issue of statutory interpretation,
we do not give deference to the trial
court's decision, but review the issue *de
novo*. *Doe v. Phillips*, 194 S.W.3d 833, 841
(Mo. banc 2006).

## Analysis

In relevant part, Section 577.054 states:
1. After a period of not less than ten
years, an individual who has pleaded
guilty or has been convicted for a first
alcohol-related driving offense which is a
misdemeanor or a county or city ordi-
nance violation and which is not a con-
viction for driving a commercial motor
vehicle while under the influence of alco-
hol and who since such date has not
been convicted of any other alcohol-re-
lated driving offense may apply to the
court in which he or she pled guilty or
was sentenced for an order to expunge
from all official records all recordations
of his or her arrest, plea, trial or convic-
tion. If the court determines, after
hearing, that such person has not been
convicted of any alcohol-related driving
offense in the ten years prior to the date
of the application for expungement, and
has no other alcohol-related enforcement
contacts as defined in section 302.525,
RSMo, during that ten-year period, the
court shall enter an order of expunge-
ment. . . .
2. The provisions of this section shall
not apply to any individual who *has been*

*issued* a commercial driver's license or is required to possess a commercial driver's license issued by this state or any other state. (Emphasis added.)

The relevant facts are not in dispute. Both parties agree that Owen meets all requirements articulated in section 577.054.1 to make him eligible for expungement. The only dispute is to whether or not Owen is denied eligibility based on section 577.054.2. Subsection two was added when the legislature amended the statute in 2004. So far, no appellate court has had the opportunity to interpret its language.

Subsection two prevents certain individuals from having their records expunged, even if they meet the requirements noted in subsection one. Specifically, it states that expungement is not available for any individual who "has been issued a commercial driver's license" and any individual who "is required to possess a commercial driver's license[.]" Neither party contends that Owen is required to possess a commercial driver's license. Thus, the only question is whether Owen is an individual who "has been issued" a commercial driver's license.

Owen suggests that section 577.054.2 does not prevent him from being eligible for expungement because at the time his petition was filed, he had surrendered his commercial driver's license. Owen argues that the language "has been issued" suggests that the person is in present possession of a commercial driver's license because the word "has" is in the present tense. The Director of Revenue, on the other hand, suggests that the words "has been issued" should be read together and mean that at some point in the past, the person was issued a commercial driver's license and his present possession of it is irrelevant.

■ Our primary task in interpreting a statute is to determine the intent of the legislature and to give effect to that intent. *Fowler v. Dir. of Revenue,* 823 S.W.2d 134, 135 (Mo.App.1992). In determining this intent, words and phrases used are to be given their plain and ordinary meaning. *Martinez v. State,* 24 S.W.3d 10, 16 (Mo. App.2000). "It is not our place to construe the clear and unambiguous language of a statute." *State v. Wilson,* 55 S.W.3d 851, 856 (Mo.App.2001). To determine if the language is clear and unambiguous, we look to whether the terms would be plain and clear to one of ordinary intelligence. *Id.* There is no need to resort to rules of construction if the language is plain and unambiguous. *Martinez,* 24 S.W.3d at 16.

■ The main phrase at issue here is "has been issued." Both parties discuss verb tenses in their briefs as an aid in interpreting the phrase "has been issued." We agree with the Director that the words "has been issued" should be read together and are in the present perfect tense. Once the issuing has occurred, there is no other statutory requirement to make the person ineligible for expungement. A person of plain and ordinary intelligence would understand the phrase "any individual who has been issued a commercial driver's license" to mean simply any individual who, at some point, has had a commercial driver's license issued to him.

■ Owen argues that section 577.054 is a remedial statute because it relates to expungement. *Martinez,* 24 S.W.3d at 19. Remedial statutes should be liberally construed. *Id.* Whether it is remedial is immaterial because rules of construction are not to be applied to defeat the plain language of the act. *Id.* We resort to rules of construction when the plain language is ambiguous or there is doubt as to its meaning. Here, we are dealing with plain and ordinary language. *Id.* at 16.

Owen also argues that reading the entire subsection together, the legislature's intent is clearly to exclude those who currently possess or are required to possess a commercial driver's license from the benefits of expungement. He argues that once the commercial driver's license has been surrendered, both the benefits of it, and the burdens, such as the ineligibility for expungement, are extinguished.

The legislature is presumed to be aware of the rules the courts use for construing statutes. *See Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo. banc 1995). Therefore, the General Assembly is presumed to be aware that we look to the plain meaning of the words in the statute. If the legislature had intended the phrase to apply to those currently holding commercial driver's licenses, it could have used the phrase "any individual who *holds* a commercial driver's license" or some similar phrasing. The legislature instead chose to use the phrase "any individual who *has been issued* a commercial driver's license" with no reference to whether or not that individual still possesses the license.

Finally, it is clear that it would defeat the purposes of the statutory exceptions if a driver having a commercial license could surrender the license in order to obtain an expungement and then, immediately thereafter, apply for and obtain another commercial license. The trial court did not erroneously declare or apply the law.

### Conclusion

For all of the foregoing reasons, the judgment is affirmed.

ULRICH and LOWENSTEIN, JJ., concur.