**STATE of Missouri, Respondent,**

v.

**Daniel ACEVEDO, Appellant.**

**Nos. SD 30432, SD 30434.**

Missouri Court of Appeals,
Southern District,
Division One.

April 18, 2011.

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

In these consolidated appeals Daniel Acevedo ("Appellant") appeals his convictions by the trial court for two counts of the class D felony of driving with a revoked driver's license, violations of section 302.321.2.[1] Following a bench trial, Appellant was sentenced to concurrent terms of two years imprisonment for each count with the execution of those sentences suspended, and he was placed on five years probation on each count. At issue is whether Appellant had sufficient prior convictions for driving with a "revoked" driver's license, as that term is defined and set out in section 302.321, in order to have enhanced his offenses from class A misdemeanors to class D felonies. In his sole point relied on, Appellant maintains the trial court erred in convicting him of the crimes charged because the State introduced only evidence to prove he committed class A misdemeanors in both cases such that the State failed to prove under section 302.321.2 that he "had at least three prior [driving while *revoked*] convictions to enhance his offenses to class D felonies...." (Emphasis added.) Thus, he asserts he was sentenced in excess of the maximum sentence authorized by law.

The record reveals Appellant was charged by amended information in two separate cases with class D felonies for driving while license was revoked, contrary to section 302.321, on October 14, 2008, and November 24, 2008.[2] Section 302.321 provides in pertinent part:

1. A person commits the crime of *driving* while *revoked* if such person operates a motor vehicle on a highway when such person's *license* or *driving privilege* has been *canceled, suspended, or revoked under the laws of this state or any other state* and acts with criminal negligence with respect to *knowledge of the fact* that such person's driving privi-

---

1. Both counts against Appellant were tried to the court in a single trial. His convictions have been consolidated for purposes of appeal.
   Unless otherwise stated, all statutory references are to RSMo Cum.Supp.2006. Rule references are to Missouri Court Rules (2010).

2. The parties expressly stipulated that on October 14, 2008 and again on November 24, 2008, Appellant knowingly operated a motor vehicle at a time when his operator's license was revoked under the laws of the State of Missouri. They also stipulated that Appellant had "no prior alcohol-related enforcement contacts." § 302.321.2. Neither party contends the violations arose from any county or municipal ordinance violations.

lege has been *canceled, suspended, or revoked.*

2. Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with *no prior alcohol-related enforcement contacts* as defined in section 302.525, convicted a *fourth or subsequent time of driving while revoked* or a county or municipal ordinance of driving while suspended or revoked where the defendant was represented by or waived the right to an attorney in writing, and *where the prior three driving-while-revoked offenses occurred within ten years of the date of occurrence of the present offense ... is guilty of a class D felony ....* Driving while revoked is *a class D felony* on the second or subsequent conviction pursuant to section 577.010 ..., or a fourth or subsequent conviction for any other offense.

(Emphasis added.) The charging documents in both cases set forth what the State maintained were four prior driving while revoked convictions which the State alleged enhanced Appellant's charged crimes from class A misdemeanors to class D felonies.

At trial, the parties also stipulated that the only issue was the sufficiency of the prior convictions which were to be used to enhance Appellant's crimes. The State then introduced exhibits into evidence to prove Appellant's prior convictions for "driving while revoked" per section 302.321. They were all received into evidence.

In part pertinent to our review, Exhibit # 3 reveals a judgment dated November 7, 2006, showing Appellant appeared with counsel in the Circuit Court of Lawrence County, Division II, and entered a plea of guilty to the amended charge of the class A misdemeanor of "driving while licensed suspended" on June 9, 2006, a violation of section 302.321.

Exhibit # 4 reveals a judgment entered by the Circuit Court of Lawrence County, Division II, dated January 26, 2004, wherein Appellant appeared in person, executed a written waiver of his right to counsel, and pled guilty to the class A misdemeanor of "DRIVING WHILE LICENSE REVOKED," on December 25, 2003, a violation of section 302.321.

Exhibit # 5 reveals a docket entry judgment dated January 26, 2004, entered by the Circuit Court of Lawrence County, "Associate Division II," wherein Appellant pled guilty to an "Information" charging him with violation on January 25, 2003, of section 303.370, RSMo 2000, being a class B misdemeanor of "DRIVING WHILE LICENSE SUSPENDED" "after his ... operator's license was suspended for financial responsibility...." [3] Additionally, Exhibit # 5 also reflected Appellant's written waiver of counsel form.

Lastly, Exhibit # 6 contains docket sheets; an "Information" filed on April 22, 2003, charging Appellant with violating section 303.370, RSMo 2000, by committing "the Class B misdemeanor of DRIVING WHILE LICENSE SUSPENDED" by operating a motor vehicle on April 11, 2003, "after his ... operator's license was suspended for financial responsibility ...;" and a judgment dated July 17, 2003, which

---

3. Section 303.370.3, RSMo 2000, provides as follows:

[a]ny person whose license or registration or nonresident's operating privilege has been suspended or revoked under this chapter and who, during such suspension or revocation drives any motor vehicle upon any highway or knowingly permits any motor vehicle owned by such person to be operated by another upon any highway, except as permitted under this chapter, shall be fined not more than five hundred dollars or imprisoned not exceeding six months, or both.

set out that Appellant waived his right to an attorney by written waiver of counsel.[4]

Appellant moved for judgment of acquittal at the close of all the evidence broadly maintaining that "the State has failed to prove elements necessary to enhance the charge[s] in the present case[s] to ... class D felon[ies] of driving while revoked." This motion was overruled by the trial court. At the conclusion of all the evidence the trial court found Appellant guilty of two class D felonies. The trial court then overruled Appellant's subsequent motion for a new trial which alleged the State failed to present sufficient evidence to enhance the crimes charged. Appellant was thereafter sentenced as previously set out. This appeal by Appellant followed.

In his sole point relied on, Appellant asserts the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence "thereby finding him guilty of two class D felonies of driving while revoked ... under [section] 302.321, instead of class A misdemeanors, because this violated [section] 302.321 and Appellant's right to due process...." He specifically maintains that

> because Appellant had no prior alcohol-related enforcement contacts, the State was required to prove under [section] 302.321.2 that Appellant had at least three prior [driving while revoked] convictions to enhance his offenses to class D felonies, yet three of the four certified convictions submitted at trial [were] for driving while suspended ... and not [driving while revoked], and thus Appellant was sentenced in excess of the maximum sentence authorized by law since the State failed to prove that Appellant had three prior [driving while revoked] convictions.

Appellant's argument appears to make a distinction between state law driving while revoked violations and county or municipal ordinance violations for driving while suspended or revoked. He argues that since the legislature used the words "driving while suspended or revoked" in connection with county or municipal ordinance violations as opposed to simply "driving while revoked" for state law violations, it was the legislature's intention that "the only [driving while suspended] convictions that can be used as enhancement offenses are for county or municipal ordinances violations."

We note the State argues Appellant failed to properly preserve this issue such that plain error review is necessary because Appellant also maintained in his motion for judgment of acquittal at the close of evidence that the State had failed to prove Appellant knowingly and voluntarily waived his right to counsel when he pled guilty to prior driving while revoked offenses in three Lawrence County cases. While the State is technically correct, " '[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.' " *State v. Kimes*, 234 S.W.3d 584, 590 (Mo.App.2007) (quoting Rule 30.20). " 'Rule 30.20 permits an appellate court to consider plain error sua sponte.' " *Id.* (quoting *State v. Meanor*, 863 S.W.2d 884, 891 (Mo. banc 1993)). "It is within the [appellate c]ourt's discretion to review an unpreserved point for plain error." *State v. Walker*, 318 S.W.3d 789, 792 (Mo.App. 2010). It has been held more than once that " '[a] sentencing court exceeds its jurisdiction when it imposes a sentence in excess of the maximum allowed by law.' " *Id.* (quoting *State v. Peeples*, 288 S.W.3d 767, 776 (Mo.App.2009)).

4. The State also introduced a certified copy of Appellant's "MISSOURI DRIVER RECORD" and Appellant's Missouri Uniform Law Enforcement System record.

■ " 'The standard of review in a court-tried case is the same as in a jury-tried case.' " *State v. Craig,* 287 S.W.3d 676, 681 (Mo. banc 2009) (quoting *State v. McKinney,* 253 S.W.3d 110, 113 (Mo.App. 2008)). " 'In determining whether there is sufficient evidence to support the conviction, this [C]ourt accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding.' " *Id.* (quoting *McKinney,* 253 S.W.3d at 113). " 'We review the denial of a motion for a judgment of acquittal to determine whether the [S]tate adduced sufficient evidence to make a submissible case.' " *State v. Sears,* 298 S.W.3d 561, 563 (Mo.App.2009) (quoting *State v. Barnes,* 245 S.W.3d 885, 888–89 (Mo.App. 2008)). "The function of the reviewing court is not to reweigh the evidence, but only to determine if the conviction is supported by sufficient evidence." *State v. McCleod,* 186 S.W.3d 439, 443 (Mo.App. 2006). We review questions of law *de novo. Craig,* 287 S.W.3d at 680.

■ In our review of Appellant's prior convictions as set out in Exhibits # 3, # 4, # 5, and # 6, only Exhibit # 4 expressly set out that it reflected a violation for driving with a revoked driver's license contrary to section 302.321. Each of the remaining convictions set out in the other exhibits arose from charges of driving with a suspended driver's license. The State admits that two of Appellant's "driving while suspended" convictions were not charged under section 302.321, which the State acknowledges is "the general driving while revoked statute, but instead [were charged] under section 303.370, [RSMo 2000,] which provides for an alternate means of charging driving while revoked when the underlying suspension or revocation is imposed for violating the motor vehicle financial responsibility law [ ("MVFR") ]." The State argues that, for enhancement purposes, section 302.321 de-fines the act of driving while one's driving privilege is suspended, revoked, or cancelled as "driving while revoked," hence "every act of driving while suspended is, in fact, a commission of 'driving while revoked.' " The State further argues that if one's driving privilege has been suspended under Chapter 303, it would have been suspended "under the laws of this state," as set out in sub-section one of section 302.321; therefore, the State maintains it presented sufficient evidence that Appellant had the requisite prior convictions for driving while revoked under state law sufficient to enhance Appellant's punishment in the two cases at issue. We agree.

■ In matters such as this we are guided by principles of statutory interpretation. In analyzing a criminal statute, this Court determines the legislature's intent from the language of the statute, and gives effect to that intent. *See State v. Daniel,* 103 S.W.3d 822, 826 (Mo.App. 2003). We examine the language used in the statute according to its plain and ordinary meaning. *Id.* We particularly look to whether the language is clear and plain to a person of ordinary intelligence. *Id.* "Where the statutory language is unambiguous, we need not resort to statutory construction and must give effect to the statute as written." *Id.* "The disjunctive 'or' in its ordinary sense marks an alternative generally corresponding to the term 'either.' " *State v. Graham,* 149 S.W.3d 465, 467 (Mo.App.2004). "Every word, clause, sentence and section of a statute should be given meaning, and under the rules of statutory construction statutes should not be interpreted in a way that would render some of their phrases to be mere surplusage." *Id.*

In paragraph one of section 302.321, the plain and ordinary words set out, in part pertinent to our review, that one commits the crime of "driving while revoked … when such person's license or driving priv-

ilege has been canceled, suspended or revoked under the laws of this state or any other state...." Saliently, section 302.321.1 does not provide for a distinct crime entitled "driving while suspended."

Here, Appellant was expressly convicted of driving while revoked on one prior occasion and of driving while suspended on three other occasions. Under the definition in section 302.321.1, when one's license or driving privilege has been *either* canceled, suspended or revoked under the laws of Missouri or any other state one commits the crime of driving while revoked. As a general rule, "a definition provided by the statute is binding in its interpretation." *In re C.M.B.*, 322 S.W.3d 593, 597 (Mo.App.2010). Additionally, such cancellation, suspension or revocation can arise from violation of the MVFR, because section 302.321.1 does not limit the charge to those violations arising under Chapter 302, but broadly sets out any cancellation, suspension or revocation arising "under the laws of this state or any other state...." [5] Accordingly, if one's driving privileges or license has been suspended pursuant to section 303.370 of the MVFR, it constitutes a suspension "under the laws of this state" as set out in section 302.321.1.

Further, in paragraph two of section 302.321 there is a recital that in the absence of prior alcohol-related enforcement contacts, as in the instant matter, a person "convicted a fourth or subsequent time of driving while revoked [pursuant to section

302.321] ... is guilty of a class D felony." Because the words in the statute are clear and unambiguous we need not attempt to interpret their meaning. *See Daniel*, 103 S.W.3d at 826. We cannot say that the trial court erred in overruling Appellant's motion for acquittal at the close of the evidence and in finding him guilty of two class D felonies of driving while revoked pursuant to section 302.321. We do not find plain error in the present matter. Point I is denied.

The judgment of the trial court is affirmed.

LYNCH, and BURRELL, JJ., concur.

---

5. *In Dorsey v. State*, 115 S.W.3d 842, 843 (Mo. banc 2003), our high court turned back a constitutional challenge on the basis of vagueness when, subsequent to the defendant's pleading guilty to driving while intoxicated pursuant to section 577.010, RSMo 2000, and driving while revoked under section 302.321, the trial court enhanced the defendant's sentence for driving while revoked to a Class D felony resulting from having previously been convicted of "burglary, arson, assault, and receiving stolen property." The opinion noted that the last sentence of section 302.321.1 set out "clearly that the offense of driving while revoked is a class D felony if the state proves four convictions '*for any other offense.*'" *Id.* at 844 (emphasis added). Construing the phrase "under the laws of this state" in a fashion similar to that of our high court in *Dorsey*, we conclude the phrase would include suspensions and revocations under section 303.370.