

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33192 |
| | ) | |
| WILLIAM E. COPHER, | ) | Filed March 11, 2015 |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

### Honorable Mark E. Orr, Circuit Judge

<u>AFFIRMED</u>

A jury found appellant William E. Copher ("Defendant") guilty of the offense of domestic assault in the third degree, in violation of section 565.074, for events that occurred in January 2012.[1] The trial court enhanced the offense from a misdemeanor, *see* section 565.074.2, to a felony, *see* section 565.074.3, and sentenced Defendant accordingly. In his sole point on appeal, Defendant asserts that the trial court misapplied section 565.074.3 to enhance the offense because it "applies only to out-of-state priors[,]" and one of the required two prior offenses the trial court relied upon for enhancement was "not an out-of-state prior."

The prior offense in question arose in 2001 when Defendant pleaded guilty to the offense of assault in the third degree, in violation of section 565.070, RSMo 2000,

---

[1] All statutory references are to RSMo Cum.Supp. 2011, unless otherwise indicated.

in that on or about the 12th day of August, 2001, in the County of Greene, State of Missouri, [Defendant] recklessly created a grave risk of serious physical injury to [the victim] by beating her in the head with his fists and kicking her in the ribs and [the victim] was a family or household member in that [the victim] and [Defendant] have a child in common.

Section 565.074, creating the crime of domestic assault in the third degree, was first enacted in 2000 and was amended once in 2011. Subsection 3, with the language added by the 2011 amendment italicized, provides:

> A person who has pleaded guilty to or been found guilty of the crime of domestic assault in the third degree more than two times against any family or household member as defined in section 455.010, *or of any offense committed in violation of any county or municipal ordinance in any state, any state law, any federal law, or any military law which, if committed in this state, would be a violation of this section,* is guilty of a class D felony for the third or any subsequent commission of the crime of domestic assault. The offenses described in this subsection may be against the same family or household member or against different family or household members.

Section 565.074.3 (emphasis added).

Subsection 565.074.3, therefore, provides two methods for qualifying a prior offense for enhancement purposes: first, since originally enacted in 2000, a prior offense for "the crime of domestic assault in the third degree" may be used to enhance the current offense or, second, since amended in 2011, "any offense committed in violation of any county or municipal ordinance in any state, any state law, any federal law, or any military law which, if committed in this state, would be a violation of this section," may be used to enhance the current offense. The parties and the trial court agreed, as do we, that Defendant's 2001 prior offense for assault does not satisfy the first method because it is not for "the crime of *domestic* assault in the third degree[.]" (Emphasis added). If it qualifies for enhancement purposes, it must do so under the second method added by the legislature in 2011.

Defendant claims that his 2001 prior assault offense does not qualify under the second method because "a person of ordinary intelligence would plainly understand that the phrase

2

'which, if committed in this state,' refers to crimes that were not committed in this state."

Defendant posits two arguments in support of this claim. First, Defendant asserts the Supreme Court of Missouri, in **State v. St. Clair**, 261 S.W.2d 75, 77 (Mo. 1953), referred to the former Habitual Criminal Statute, section 556.290, RSMo 1949, which contained the phrases "any of the United States" and "which, if committed in this state[,]" as "dealing with offenses committed in other states." Defendant reasons that "[j]ust as the Habitual Criminal Statute, Section 556.290 (1949), combined the phrase 'any of the United States' with 'which, if committed in this state' to deal with offenses committed in other states, § 565.074 combines 'any state' with 'which, if committed in this state' to deal with prior offenses committed in other states."

Second, Defendant asserts that if the second method is interpreted to include offenses committed in Missouri, then the first method is rendered "mere surplusage."

"The proper interpretation of a statute is a question of law we review *de novo*." **State v. Spradling**, 413 S.W.3d 670, 673 (Mo.App. 2013) (citing **State v. Hamilton**, 328 S.W.3d 738, 742 (Mo.App. 2010)). "'The primary rule of statutory construction is to give effect to legislative intent as reflected in the plain language of the statute.'" **State v. Nibarger**, 304 S.W.3d 199, 204 (Mo.App. 2009) (quoting **Winfrey v. State**, 242 S.W.3d 723, 725 (Mo. banc 2008)). "We examine the language used in the statute according to its plain and ordinary meaning." **State v. Acevedo**, 339 S.W.3d 612, 617 (Mo. App. 2011) (citing **State v. Daniel**, 103 S.W.3d 822, 826 (Mo.App.2003)). "We particularly look to whether the language is clear and plain to a person of ordinary intelligence." **Id.** "There is no need to resort to rules of construction if the language is plain and unambiguous." **State v. Owen**, 216 S.W.3d 227, 229 (Mo.App. 2007). "'It is not our place to construe the clear and unambiguous language of a statute.'" **Id.** (quoting **State v. Wilson**, 55 S.W.3d 851, 856 (Mo.App.2001)).

3

The second method of qualifying a prior offense for enhancement, added to subsection 565.074.3 by the legislature in 2011, uses plain language that is clear and unambiguous. The clause setting forth this method begins with the word "or." "'The disjunctive "or" in its ordinary sense marks an alternative generally corresponding to the term "either.""' *Acevedo*, 339 S.W.3d at 617 (quoting *State v. Graham*, 149 S.W.3d 465, 467 (Mo.App. 2004)). Accordingly, a prior offense qualifies for enhancement purposes if it meets the requirements of *either* the first method or the second method. The legislature followed the "or" conjunction with the prepositional phrase "of any offense" qualified in two respects: first (source of law prong), the offense must have been "committed in violation of" (1) "any county or municipal ordinance in any state," (2) "any state law," (3) "any federal law," or (4) "any military law," and second (hypothetical application prong), the offense, "if committed in this state, would be a violation of this section[,]" referring to section 565.074 and the crime of domestic assault in the third degree. As relevant here, the clear and plain meaning to a person of ordinary intelligence of the second option in the source of law prong—"any state law"— is that it includes the law of all states without limitation or qualification. It is also grammatically clear that the hypothetical application prong beginning with the function word "which" immediately preceding "if committed in this state," applies to and modifies "any offense."[2] Nothing in the syntax of the entire second method clause indicates that the phrase "if committed in this state" in the hypothetical application prong impinges upon, modifies, or limits in any manner the four options

---

[2] Other than a passing reference that the phrases "any state law" and "if committed in this state" appear in subsection 565.074.3 as a "phrase combination," Defendant proffers no linguistic or grammatical explanation how these phrases relate to each other within that subsection.

4

in the source of law prong.[3]  Given the plain language used in subsection 565.074.3 and its clear and unambiguous meaning, there is nothing for us to construe.  *Owen*, 216 S.W.3d at 229.

Defendant's reliance on *St. Clair* is misplaced.  There, our Supreme Court was considering "prior felony convictions in *Arizona* and *Texas* under the Habitual Criminal Act." *St. Clair*, 261 S.W.2d at 76 (emphasis added).  Because the court was dealing with out-of-state offenses, its observation that the Habitual Criminal Act dealt "with offenses committed in other states" was an accurate characterization of the act as applied to the facts then before it.  The *St. Clair* court, however, did not address or decide in any respect whether the language of this act authorized the use of prior in-state offenses for enhancement because that issue was not before it. In this context, the court's observation that the act dealt with offenses committed in other states provides no analytical or legal support for drawing any conclusions as to whether it dealt with in-state offenses as well.

Having determined that the clear and unambiguous meaning of subsection 565.074.3 leaves nothing for us to construe, Defendant's second argument—the first method is "mere surplusage"— fares no better than his first.  In making his second argument, Defendant relies upon a rule of statutory construction that "'statutes should not be interpreted in a way that would render some of their phrases to be mere surplusage.'" *Acevedo*, 339 S.W.3d at 617 (quoting *Graham*, 149 S.W.3d at 467).  Where the language of a statute is clear and unambiguous, however, the rules of construction are inapplicable.  *Owen*, 216 S.W.3d at 229.  Here, the legislature clearly and unambiguously provided for two non-mutually exclusive methods in

---

[3] Indeed, if the phase "if committed in this state" was interpreted and construed as a limitation on the source of law prong, as urged by Defendant, it would logically and necessarily serve to limit all four options in that prong, not just the second option—"any state law."  This would lead to the absurd result that even though the statute expressly includes as the first option "*any* county or municipal ordinance in *any* state," prior county or municipal ordinance offenses committed in Missouri would be excluded. (Emphasis added).  The same absurd result would also occur for prior offenses committed in Missouri in violation of "*any* federal law" and "*any* military law," the third and fourth options in the source of law prong. (Emphasis added).

subsection 565.074.3 for qualifying prior offenses for enhancement purposes that in a few instances as applied to a particular prior offense may both lead to the same result. These methods, however, coupled with the six uses of "any" in the clause establishing the second method in 2011, clearly and unambiguously support a legislative intent to be inclusive rather than exclusive in the qualification process. We decline Defendant's invitation to frustrate that clear legislative intent by stepping out of our place and applying a rule of statutory construction to construe a statute that needs no construction because its meaning is plain, clear, and unambiguous. *See Owen*, 216 S.W.3d at 229.

Defendant's point is denied, and the trial court's judgment of conviction is affirmed.


GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – dissents in separate opinion

DON E. BURRELL, J. – concurs



**Missouri Court of Appeals**

Southern District

Division Two

STATE OF MISSOURI,                    )
                                      )
      Plaintiff-Respondent,        )
                                      )
vs.                                   )        No. SD33192
                                      )
WILLIAM E. COPHER,                    )        **Filed:  March 11, 2015**
                                      )
      Defendant-Appellant.         )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Mark E. Orr, Circuit Judge

## DISSENT

I respectfully dissent.  The plain meaning of section 565.074.3[1] provides for two separate methods of enhancing the sentence.  The first concerns a conviction within this State; the second for convictions in any "other" state.  The "other" is implied by the sentence.

Our primary objective in interpreting section 565.074.3 is to discern the General Assembly's intent from the plain and ordinary meaning of the statute's words.  *See **State v. Jones***, 172 S.W.3d 448, 451 (Mo.App. W.D. 2005).  I begin by noting that the first clause of section 565.074.3, *in explicit terms*, authorizes enhancement of domestic assault in the third

---

[1] All references to section 565.074 are to RSMo Cum.Supp. 2011.

degree from a class A misdemeanor to a class D felony when a defendant has "pleaded guilty to or been found guilty of the crime of domestic assault in the third degree" more than two times. The statute, however, contains no reference to section 565.070 or the crime proscribed therein—assault in the third degree. "A standard rule of statutory construction is that the express mention of one thing implies the exclusion of another." *Groh v. Ballard*, 965 S.W.2d 872, 874 (Mo.App. W.D. 1998).

The State, however, asks us to construe the provision in section 565.074.3 concerning a violation of "any state law" to include violations of Missouri law. "Every word, clause, sentence and section of a statute should be given meaning, and under the rules of statutory construction statutes should not be interpreted in a way that would render some of their phrases to be mere surplusage." *State v. Graham*, 149 S.W.3d 465, 467 (Mo.App. E.D. 2004). Thus, to construe the provision in question as the State suggests, we would necessarily render the language preceding it—addressing domestic assault in the third degree under Missouri law—redundant. We must presume that the General Assembly does not enact meaningless provisions. *State v. Moore*, 952 S.W.2d 812, 813 (Mo.App. E.D. 1997). Moreover, in my view, if the General Assembly intended to include assault in the third degree against a family or household member under section 565.074.3, they could have, like with other statutes, explicitly listed it

therein. *Cf.* section 565.063.[2] To hold otherwise is to bring all other pleas under different statutes into question for enhancement purposes. Copher pled to third-degree assault, not domestic assault in the third degree. There are different elements to each crime and it was the State's burden to prove each element beyond a reasonable doubt. It is improper for the State to come in now and cite to the Amended Information to prove a conviction for a different crime. Therefore, I dissent.

Nancy Steffen Rahmeyer, J. - Dissenting Opinion Author

---

[2] All references to section 565.063 are to RSMo Cum.Supp. 2009. Section 565.063 concerns prior and persistent domestic violence offenders. As relevant here, the term "domestic assault offense" is defined in that statute as follows:

> (a) The commission of the crime of domestic assault in the first degree or domestic assault in the second degree; or
> (b) *The commission of the crime of assault in the first degree or assault in the second degree if the victim of the assault was a family or household member*;
> (c) The commission of a crime in another state, or any federal, tribal, or military offense which, if committed in this state, would be a violation of any offense listed in paragraph (a) or (b) of this subdivision[.]

Section 565.063.1(1)(a)–(c) (emphasis added).