

# Missouri Court of Appeals
## Southern District
### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD36238 |
| | ) | |
| LARRY RAY JAMES, SR., | ) | FILED: July 16, 2020 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Judge

**<u>AFFIRMED</u>**

A jury found Larry James ("Defendant") guilty of the Class B felony of first-degree child molestation, s*ee* section 566.067, and the trial court sentenced him as a prior offender to twelve years imprisonment in the Missouri Department of Corrections.[1] Defendant timely appeals claiming trial court error under section 492.304 for refusing to submit to the jury Defendant's proposed Instruction A that sought to limit the purpose for which the jury could consider statements made by Defendant's victim ("Victim") in her recorded forensic interview. Determining Defendant's point has no merit, we affirm.

---

[1] All statutory references are to RSMo 2016.

**Factual and Procedural Background**

State's Exhibit 1 was an audio and video recording of Victim's forensic interview, recorded at a child advocacy center, which the State offered into evidence at Defendant's trial under the provisions of section 492.304. Defendant affirmatively asserted "[n]o objection" to its admission and the trial court admitted it into evidence without objection.

During the instruction conference, Defendant tendered his proposed Instruction A, which would have instructed the jury that Victim's statements in Exhibit 1 could only be considered for the purpose of assessing Victim's credibility.[2] Instruction A was necessary, Defendant reasoned to the trial court, because, "[i]n contrast to 491.075 RSMo[,] which expressly provides that any statements admitted under that section may be admitted as substantive evidence, 492.304 does not contain that express statement." The trial court denied Defendant's request and refused to submit the proffered instruction to the jury.

After the jury found him guilty, Defendant filed a motion for a new trial alleging, in pertinent part, that the trial court's refusal to submit Instruction A was erroneous because section 492.304 "contain[s] no express provision that should the video be admitted it should be presented as substantive evidence as [section] 491.075 … does." The trial court ultimately denied Defendant's motion, and this appeal timely followed.

**Applicable Principles of Review**

Although his point challenges the trial court's refusal to give a jury instruction, Defendant's argument purporting to support that challenge is foundationally premised upon the statutory interpretation of section 492.304. Statutory interpretation is an issue of law that this

---

[2] Instruction A was patterned on MAI-CR 4th 410.16 and stated that "[t]he evidence heard from the forensic interview of [Victim] may be considered by you only for the purpose of assessing her credibility and shall not be considered by you for any other purpose."

Court reviews *de novo*.  ***State v. Johnson***, 524 S.W.3d 505, 510 (Mo. banc 2017).  "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue."  ***Ivie v. Smith***, 439 S.W.3d 189, 202 (Mo. banc 2014).  "We particularly look to whether the language is clear and plain to a person of ordinary intelligence."  ***State v. Acevedo***, 339 S.W.3d 612, 617 (Mo.App. 2011).  "Courts look elsewhere for interpretation only when the meaning is ambiguous or would lead to an illogical result that defeats the purpose of the legislation."  ***Ivie***, 439 S.W.3d at 202.  "There is no need to resort to rules of construction if the language is plain and unambiguous."  ***State v. Owen***, 216 S.W.3d 227, 229 (Mo.App. 2007).  "'It is not our place to construe the clear and unambiguous language of a statute.'"  ***Id.*** (quoting ***State v. Wilson***, 55 S.W.3d 851, 856 (Mo.App.2001)).

## Discussion

In his sole point on appeal, Defendant contends:

> The trial court erred in refusing Jury Instruction A, which was patterned on MAI-CR 4th 410.16, because that refusal denied [Defendant] his rights to due process of law and a fair trial before a properly instructed jury, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that Exhibit 1 was admitted pursuant to [s]ection 492.304, which does not explicitly allow evidence to be treated as substantive evidence to prove the truth of the matter asserted; a limiting instruction informing the jury that Exhibit 1 could only be considered for the purpose of assessing [Victim]'s credibility was therefore proper.

Section 492.304 provides that, if certain enumerated conditions are satisfied,[3] "the visual and aural recording of a verbal or nonverbal statement of a child when under the age of fourteen who is alleged to be a victim of an offense under the provisions of chapter 565, 566 or 568 is *admissible into evidence*[.]"  Section 492.304.1 (emphasis added).  Nothing in the clear and plain

---

[3] Defendant made no argument in the trial court nor in this appeal that the admission of Exhibit 1 into evidence failed to satisfy any of the section 492.304 enumerated conditions.

3

language used in this statute would lead a person of ordinary intelligence to believe that evidence admitted under this statute is limited in any manner to any particular purpose.

Defendant's argument supporting his point is not based, however, upon the clear and plain text of section 492.304. Rather, Defendant's arguments rely upon the text *of a different statute*, section 491.075. As Defendant points out, that statute states,

> [a] statement made by a child under the age of fourteen, or a vulnerable person, relating to an offense under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state *as substantive evidence to prove the truth of the matter asserted*[.]

Section 491.075.1 (emphasis added). Relying upon the "substantive evidence" language in section 491.075, Defendant argues that "the use of the word 'evidence' in [s]ection 492.304 is ambiguous because it does not specify whether this evidence can be used for the truth of the matter asserted." He argues further that "if 'evidence' as used in [s]ection 492.304 is interpreted to refer to substantive evidence, this would render the language contained in [s]ection 491.075 to be 'mere surplusage.'" Finally, relying upon the wording of section 491.075 for context, Defendant concludes that section 492.304 is ambiguous and, therefore, this Court should construe it strictly against the state in that "such evidence should only be used for other purposes such as impeachment or to assess credibility."

While there are multiple reasons why Defendant's various arguments individually fail, we need only address one reason that undermines the foundation for all. All of Defendant's arguments are dependent upon his implicit premise that the construction of the text in section 491.075 may be used and relied upon to place limits upon the section 492.304 admissibility of Victim's statements in Exhibit 1. This premise is incorrect, however, because such use of section 491.075 is expressly prohibited by subsection 491.075.4 that provides "Nothing in this

4

section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law."[4] Because his foundational premise fails, all of Defendant's arguments supporting his point necessarily fail. Defendant's point is denied.[5]

### Decision

The trial court's judgment is affirmed.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] In asserting his point and supporting arguments in his initial brief, Defendant failed to mention, address, or take into consideration the section 491.075.4 prohibition. In its responding brief, the State quoted the section 491.075.4 prohibition in support of its argument that "the plain language of section 491.075 refutes Defendant's argument that section 491.075 restricts the admission of recorded statements under section 492.304[.]" While permitted to file a reply brief under Rule 84.04(g), as made applicable by Rule 30.06(a), Defendant chose not to do so. Defendant has failed, therefore, to provide us with any argument, much less a cogent or compelling argument, why the section 491.075.4 prohibition is not applicable here. All rule references are to Missouri Court Rules (2020).

[5] Although not implicated in our determination here, see generally *State ex rel. Jackson v. Parker*, 496 S.W.3d 559, 563 (Mo.App. 2016) for the conclusion that "[t]he plain language used in both [section] 491.075 and [section] 492.304 indicates that each statute provides an alternative, rather than an exclusive, procedure for determining the admissibility of [a] recording …."