

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: B.S., | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD84833 |
| | ) | |
| JUVENILE OFFICER, | ) | **FILED: December 20, 2022** |
| Respondent. | ) | |

### Appeal from the Circuit Court of Sullivan County
### The Honorable Terry A. Tschannen, Judge

### Before Division One: W. Douglas Thomson, P.J., and
### Alok Ahuja and Edward R. Ardini, Jr., JJ.

B.S. was sixteen years old when he allegedly sexually assaulted a seven-year-old child. When B.S. was nineteen, a juvenile delinquency petition was filed against him. The circuit court dismissed the delinquency petition, and certified B.S. to be tried as an adult in a court of general jurisdiction. B.S. appeals. He argues that the plain language of § 211.071.1[1] only permits the certification of individuals who are between the ages of twelve and seventeen *at the time a delinquency petition is filed*, and that he therefore could not be certified for trial as an adult. To the contrary, we conclude that § 211.071.1 merely requires that an individual fall between the ages of twelve and seventeen *at the time of the underlying offense*. We accordingly affirm the circuit court's certification order.

---

[1] Under *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 359 (Mo. 2021), we apply the version of the relevant statutes in effect at the time B.S. is alleged to have committed the underlying offense. Accordingly, unless otherwise noted statutory citations refer to the 2016 edition of the Revised Statutes of Missouri.

## Factual Background

B.S. is a male born in August 2000. T.W. (hereafter "Victim") is a female born in February 2010. Victim testified at the certification hearing that, while she was staying in a home with B.S. and his mother, B.S. touched her in a "private spot," indicating her vaginal area, while she was playing a game of hide and seek with B.S. and two others. The petition alleged that the incident occurred on July 5, 2017. Around September 2017, Victim's mother arranged counseling services for Victim through her school. Victim first reported the incident with B.S. to her counselor over two years later, on January 28, 2020 – at a time when B.S. was over nineteen years old.

The Juvenile Officer filed a delinquency petition against B.S. in the Circuit Court of Sullivan County on July 8, 2020. The petition alleged that B.S. had committed the class B felony of child molestation in the second degree in violation of § 566.068, by subjecting Victim "to sexual contact by placing his hand on [her] vagina." On the same day, the Juvenile Officer filed a motion asking the circuit court to dismiss the delinquency petition, and to certify B.S. for prosecution as an adult under general law. B.S. was almost twenty years old at the time the delinquency petition and certification motion were filed.

A hearing on the motion to certify was held in the juvenile division of the circuit court. The hearing commenced on August 26, 2021, at which time B.S. was twenty-one years old. At the hearing, Traci McClaran, the Chief Deputy Juvenile Officer with the Ninth Circuit Juvenile Office, testified that based on B.S.'s age, there were no services the Juvenile Office could provide to B.S. if the court did not certify him for prosecution in a court of general jurisdiction. McClaran testified that she did not know of any situations where the Juvenile Office had provided services to individuals beyond the age of eighteen, unless the individuals had been adjudicated delinquent prior to becoming an adult.

B.S. contended that the circuit court did not have authority to certify him under § 211.071.1, since the version of the statute in effect at the time of his offense required that the Juvenile Officer file "a petition alleg[ing] that a child between the ages of twelve and seventeen has committed an offense which would be considered a felony if committed by an adult." B.S. argued that, although he was only sixteen years old at the time of the underlying offense, the statute did not authorize his certification because he was more than seventeen years old at the time the delinquency petition and certification motion were filed.

The court entered its judgment certifying B.S. for trial as an adult on September 16, 2021. The court rejected B.S.'s argument that § 211.071.1 did not authorize certification of an individual who was more than seventeen years of age at the time of the filing of the delinquency petition.

The court found that "significant credible evidence" supported the allegations in the Juvenile Officer's petition that B.S. had engaged in sexual contact with a seven-year-old child. The court found "the offense was vicious and predatory in light of the child's age," and was aggravated because B.S. "exploited the trust of a young family member." The court noted that the Victim "has suffered emotional trauma requiring counseling/therapy to address the harm experienced."

The circuit court also noted B.S.'s significant history of criminal behavior, including multiple instances of sexual exploitation of minors. The court noted that, prior to the underlying offense, "the juvenile office received three (3) referrals regarding [B.S.] engaging in sexual misconduct with minors." In addition, B.S. had pleaded guilty to two prior felony offenses, and was then facing felony charges in two different jurisdictions, including one prosecution "alleg[ing] multiple counts of rape, sodomy, and child molestation."

3

The circuit court's judgment also concluded that, particularly in light of B.S.'s age, "there are no services available to him to address his sexually offending behavior."

B.S. appeals the circuit court's judgment certifying him for trial as an adult.[2]

**Discussion**

The sole issue on appeal is whether § 211.071.1 authorizes the circuit court to certify an individual for trial as an adult where the individual was between the ages of twelve and seventeen (and therefore a "child") at the time of the alleged crime, but was more than seventeen years of age at the time of a delinquency petition or certification ruling. This is a legal question which this Court reviews *de novo*. *Interest of J.T.J.*, 635 S.W.3d 566, 569 (Mo. 2021). We hold that the circuit court had statutory authority to certify B.S., despite his age at the time of the juvenile proceedings.

This Court's "'primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.'" *State v. McDonald*, 626 S.W.3d 708, 713 (Mo. App. W.D. 2021) (quoting *Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. 2009)). "Words in a statute are not read in isolation but, rather, are read in the context of the statute to determine their plain and ordinary meaning." *Kehlenbrink v. Dir. of Revenue*, 577 S.W.3d 798, 800 (Mo. 2019). "'In determining the intent and meaning of statutory language, the words must be considered in context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words.'" *Cosby v. Treasurer*, 579 S.W.3d 202, 206 (Mo. 2019) (citation omitted).

---

[2] In *D.E.G. v. Juvenile Officer of Jackson County*, 601 S.W.3d 212 (Mo. 2020), the Missouri Supreme Court overruled *In re T.J.H.*, 479 S.W.2d 433 (Mo. 1972), and held that "[a] judgment dismissing a juvenile from the juvenile division's jurisdiction is final and appealable." *D.E.G.*, 601 S.W.3d at 218.

4

The version of § 211.071.1 in effect in July 2017 provided in relevant part:

> ***If a petition alleges that a child between the ages of twelve and seventeen has committed an offense*** which would be considered a felony if committed by an adult, the court may, upon its own motion or upon motion by the juvenile officer, the child or the child's custodian, order a hearing and may, in its discretion, dismiss the petition and such child may be transferred to the court of general jurisdiction and prosecuted under the general law.

(Emphasis added.)[3]

B.S. argues that § 211.071.1's reference to a "child between the ages of twelve and seventeen" refers to a person who is between the ages of twelve and seventeen *at the time a delinquency petition is filed*, not to a person who was between the ages of twelve and seventeen *at the time of committing the underlying offense*. We disagree. A plain reading of § 211.071.1, in the context of the Juvenile Code as a whole, supports the juvenile division's authority to certify an individual for trial as an adult who is above the specified age at the time of the juvenile proceedings, but who was within the relevant age range when they committed an underlying criminal offense.

Section 211.031.1(3) of the Juvenile Code provides for "exclusive original jurisdiction" in the juvenile division of the circuit court, in any case involving a criminal offense which was committed by an individual when they were a child – *even if* that individual is no longer a child at the time the juvenile proceedings are conducted. Section 211.071.1 must be read in conjunction with § 211.031.1(3). As it existed in July 2017, § 211.031.1(3) provided:

> [T]he juvenile court . . . shall have exclusive original jurisdiction in proceedings:

---

[3]     As noted in *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 356-57 (Mo. 2021), the Juvenile Code was substantially amended in 2018 and again in 2021, after the offense at issue in this case. Most prominently, the amendments broadened the definition of a "child" subject to the Juvenile Code, to include any individual less than *eighteen* years of age. § 211.021(a), RSMo Cum. Supp. 2021.

5

. . . .

      (3)     Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years . . .

In *J.O.N. v. Juvenile Officer*, 777 S.W.2d 633 (Mo. App. W.D. 1989), this Court explained that, under § 211.031.1(3), the juvenile division had exclusive original jurisdiction in <u>all</u> cases involving offenses committed by persons who were considered "children" at the time of the offense, regardless of when the judicial proceedings occurred:

> The statute intends to make it clear that the juvenile court has jurisdiction in proceedings involving a *child* (i.e., a person under 17 years of age, section 211.021(2), RSMo 1986), who is alleged to have violated a state law and also of a proceeding involving a *person*, regardless of age, who is alleged to have violated a state law prior to attaining the age of 17 years. ***The jurisdiction of the juvenile court depends only upon the occurrence of the law violation before the violator was 17***.

*Id.* at 634 (emphasis added).

The Missouri Supreme Court rejected an argument similar to B.S.'s in *State v. Larson*, 79 S.W.3d 891 (Mo. 2002). In that case, Larson was charged at the age of twenty-three with committing sexual offenses years earlier, when he was between the ages of fourteen and sixteen. *Id.* at 892. A delinquency petition was filed in the juvenile division of the circuit court; the court dismissed the petition, and certified Larson for trial as an adult. *Id.* After his conviction, Larson appealed. He argued that, because he was twenty-three at the time the juvenile delinquency petition was filed, the juvenile division of the circuit court lacked authority to certify him for trial as an adult. The Supreme Court disagreed. In rejecting Larson's argument, the Supreme Court emphasized (like *J.O.N.*) that the Juvenile Code applies to offenses committed when an individual is a "child" – no matter how old the individual is when proceedings are commenced. The Court also suggested that, where juvenile

6

proceedings are commenced against an individual who is no longer eligible for juvenile-division services because of their age, the juvenile division's only realistic alternative may be to certify the individual for trial as an adult.

> The juvenile court has exclusive original jurisdiction in proceedings "[i]nvolving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years." Section 211.031.1(3), RSMo Supp.1998. Because Larson committed his crimes prior to attaining the age of seventeen, the juvenile court had exclusive original jurisdiction over the proceedings.
>
> . . . .
>
> Larson argues that the juvenile court automatically lost jurisdiction over him when he attained the age of twenty-one. By his reasoning, any person charged after his or her twenty-first birthday for crimes committed while he or she was under the age of seventeen could not be charged by any court. The court of general jurisdiction would not be able to attain jurisdiction without a hearing in front of the juvenile court, and the juvenile court would have no jurisdiction because the person is twenty-one.
>
> The plain language of the statute refutes this hyper-technical interpretation. . . . Contrary to Larson's argument, attaining the age of twenty-one does not destroy jurisdiction altogether. Instead, because the individual is over the age of 21 and there can be no reasonable prospect of rehabilitation within the juvenile justice system, it mandates that the juvenile court may no longer retain jurisdiction and **must certify the juvenile as an adult to be tried by the court of general jurisdiction**.

*Id.* at 895 (emphasis added).

In *Larson*, the Supreme Court upheld the certification of an individual who was twenty-three at the time a juvenile delinquency proceeding was commenced. Although *Larson* did not specifically address the language of § 211.071.1 on which B.S. relies, *Larson* reached a result which is inconsistent with the reading of § 211.071.1 which B.S. advocates. *Larson* contemplated that, when an adult who is ineligible for juvenile-division services is charged with an offense committed as a "child," the juvenile division "must certify the juvenile as an adult to be tried by the

7

court of general jurisdiction." *Id.* The Supreme Court's recognition that certification is an available remedy in such a case is necessarily inconsistent with B.S.'s claim that certification is only available if the offender is a "child" *at the time juvenile proceedings are commenced.*

If we accepted B.S.'s interpretation of § 211.071.1, we would create the same sort of "hyper-technical" loophole which the Supreme Court rejected in *Larson*. If B.S.'s argument were correct, individuals like B.S. who commit offenses as children, but who are not identified and charged until after entering adulthood, would *never* be subject to potential prosecution in courts of general jurisdiction, since the juvenile division of the circuit court would have "exclusive original jurisdiction" of their cases under § 211.031.1(3), but would be powerless to certify the individual for adult prosecution. Moreover, in many such cases, the juvenile division would have no services available for the individual, given their age – meaning that the individual would suffer <u>no</u> consequences for their criminal activities. Like *Larson*, we refuse to read § 211.071.1 in a manner that would create such an absurd result.

B.S.'s argument would create another anomaly: it would permit the certification of individuals who committed felony offenses <u>*before*</u> *reaching the age of twelve*, so long as they fell between the ages of twelve and seventeen when a delinquency petition was filed. It would be surprising that the General Assembly intended to authorize the certification of such young offenders. It makes far more sense to read § 211.071.1 consistently with *Larson*: the statute focuses on an individual's age *at the time of the underlying offense*, not at the time they are formally charged.

Contrary to B.S.'s argument, the wording of § 211.071.1 does not require that the offender <u>*still*</u> be a child at the time a petition is filed. The statute requires that the juvenile officer "allege[ ] that a child between the ages of twelve and seventeen *has committed* an offense which would be considered a felony if committed by an

8

adult." (Emphasis added.) We recognize that § 211.071.1 uses the present perfect verb tense ("has committed"), rather than the simple past ("committed"). This does not mean, however, that the offender must *currently* be a child. Instead, the present perfect "generally refers to a situation that took place in the past, but is related in some way to the present, meaning it has current relevance." Bas Aarts, Sylvia Chalker, & Edmund Weiner, THE OXFORD DICTIONARY OF ENGLISH GRAMMAR 380 (2d. ed. 2014). Choosing between the simple past and the present perfect can simply be a matter of preference. *Id.* As such, the statute's reference to a child who "has committed" an offense can be seen as referring to an event at some indefinite point in the past, or can be read as interchangeable with the simple past "committed." Given this understanding, the statute merely requires that a pleading allege that at some point in the past, a child between the ages of twelve and seventeen committed an offense that would be considered a felony if committed by an adult.

Our reading of § 211.071.1 is consistent with *State v. Owen*, 216 S.W.3d 227 (Mo. App. W.D. 2007). *Owen* construed § 577.054, RSMo Cum. Supp. 2005, which permitted expungement of the records of convictions of certain intoxication-related traffic offenses. Section 577.054.2 provided, however, that such expungements were unavailable "to any individual who has been issued a commercial driver's license." (The relevant statutory provisions can now be found in § 610.130.)

The petitioner in *Owen* "argue[d] that the language 'has been issued' suggests that the person is in present possession of a commercial driver's license because the word 'has' is in the present tense." 216 S.W.3d at 229. The Court rejected this argument. The Court recognized that the relevant statutory language was "in the present perfect tense." *Id.* It held that "[a] person of plain and ordinary intelligence would understand the phrase 'any individual who has been issued a commercial driver's license' to mean simply any individual who, at some point, has had a

9

commercial driver's license issued to him." *Id.* On similar reasoning, we hold that § 211.071.1 does not require that an individual *presently* be between twelve and seventeen years of age, but only that they <u>were</u> of that age at a point in the past, when they are alleged to have committed a felony offense.

The petition in this case satisfied § 211.071.1's pleading requirements. It alleged that B.S. had committed an offense in July 2017, when he was sixteen, that would constitute the class B felony of child molestation in the second degree. That B.S. is no longer a child does not alter the fact that the petition alleges that he committed a felony when he <u>was</u> a child.

### Conclusion

The juvenile division of the circuit court had authority under § 211.071.1 to certify B.S. for trial as an adult, even though he was no longer a "child" at the time of the filing of the delinquency petition. The judgment of the circuit court is affirmed.

_____
Alok Ahuja, Judge

All concur.

10